Gene FOLSOM, Plaintiff in Error,

v.

Elbert WORTHAM, Defendant in Error.

No. 36374.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied and Dissenting Opinion Filed Feb. 14, 1956.

Geo. T. Arnett, and Ed R. LeForce, Idabel, for plaintiff in error.

Ed Shipp, Idabel, for defendant in error.

PER CURIAM.

This action was instituted in the district court of McCurtain County by plaintiff in error against defendant in error to declare a forfeiture of an agricultural lease; to recover possession of a certain 120 acres of land in said county; for damages for wrongful withholding of same under the lease; and to quiet title in said property as against said lease. The parties occupy the same relative position as in the trial court and will be referred to herein as they there appeared.

Trial was had to the court without a jury, on June 17, 1953, at the beginning of which plaintiff requested the court to make separate findings of fact and conclusions of law. At the conclusion of the evidence the trial court took the case under advisement and on June 26, 1953, rendered judgment for defendant. Plaintiff filed motion for a new trial which was overruled, and from such order, has appealed to this court.

The salient facts are that Solon Walker was a full-blood Choctaw Indian and was allotted the land involved in this action. He died intestate in McCurtain County on April 14, 1949, seized and possessed of said property. He left as his sole heir, John William Walker, also a full-blood Indian.

On July 10, 1950, said John William Walker executed an agricultural lease upon said property to one Tom Gilbert, using a departmental form lease containing a provision that the lease could not be assigned or sublet without the approval of the Superintendent of the Five Civilized Tribes. This lease was for a term of five years beginning January 1, 1951, at a total cash rental of $500, payable in annual payments of $100 each, on or before the first day of each January. The rental for the year 1951 was paid upon the execution of the lease. Said lease was approved by the Superintendent on November 28, 1950. On May 17, 1951, by approval of the County Court, John William Walker conveyed the land by Warranty Deed to plaintiff.

On July 16, 1951, Tom Gilbert, the lessee, assigned the above-described lease to defendant. This assignment was not approved by the Superintendent of the Five Civilized Tribes, nor was consent given to such assignment by the lessor's grantee, plaintiff herein.

It is contended by plaintiff that the court erred in failure to make findings of facts and conclusions of law after his timely request therefor. The request was made at the beginning of the trial, but the record does not reveal that it was called to the trial court's attention at the time of rendition of the judgment, nor was any exception taken by plaintiff to failure of the court to act thereon. Under such circumstances, plaintiff has no right to complain of this alleged error. See Johnson v. Johnston, 82 Okl. 259, 200 P. 204, also In re Miller's Estate, 182 Okl. 534, 78 P.2d 819, 821, where, in the fourth paragraph of the syllabus, it is said:

"Where a request is made for special findings of fact and conclusions of law, and the court at the time judgment is rendered fails to make the special findings as requested, it is the duty of the party making the request to except to the failure of the court to make such findings, and to incorporate in the motion for new trial such failure."

It is also contended by the plaintiff that the restrictive covenants against assignment and subleasing contained in the departmental agricultural lease, requiring approval of the Superintendent of the Five Civilized Tribes inure to the benefit of the plaintiff as grantee of the lessor (Indian). That part of the lease contract material to this litigation is as follows:

"It is expressly understood and agreed by the parties hereto that any sublease, assignment or transfer of this lease, or any interest therein or thereunder, may be made only with the

consent and approval of the Superintendent of the Five Civilized Tribes and any assignment or transfer made or attempted to be made without such consent and approval shall be void.

"The covenants and agreements hereinbefore mentioned shall extend to and be binding upon the heirs, assigns, executors, and administrators to the parties to this lease."

■ The facts reveal that the interest of Tom Gilbert in the land at the time he executed the assignment to the defendant was only that which he obtained under the lease executed by the Indian, John William Walker, and approved by the Superintendent of the Five Civilized Tribes. The lease, by its express terms, and as specifically provided by statute, could not be assigned without the latter official's approval. This Court held in the case of Reeves & Co. v. Sheets, 16 Okl. 342, 82 P. 487, and in Megreedy v. Macklin, 12 Okl. 666, 73 P. 293, that:

"Where a party holds a lease of Indian lands which has been approved by the proper officers of the Interior Department, such lease containing a provision that the party holding the lease will not at any time, during the period for which the said lands and premises are herein leased, sublease, assign, lease, convey, or transfer any of his estate, interest, or term, or any part thereof, or sublet the same to any person, without the consent thereto of the party of the first part and the approval of the same by the Secretary of the Interior, held, that a subleasing of the same without the consent of the Secretary of the Interior is void, and conveys no rights by such subleasing, and that the sublease cannot be enforced; * * *."

The lease is clear and explicit in its terms, and its object as expressed upon its face is to lease the property to the lessee Gilbert for a period of five years. It could not be seriously contended that the lease assignment would have been enforceable had the land still been owned by the restricted Indian, Walker. It is well settled that a lease's covenant restricting its lessee's right to assign it runs with the land; such covenant is for the sole benefit of the lessor and his successors and is enforceable only by the lessor, or, in case he has transferred the reversion, by his transferee. See 32 Am.Jur., "Landlord and Tenant", sec. 328, and Chilson v. Cavanagh, 61 Okl. 98, 160 P. 601, L.R.A.1918D, 1044.

■ When plaintiff purchased the land, he purchased same subject to the outstanding lease. He took it subject to all valid encumbrances. He stepped into his grantor's place, assumed all the burdens, and was entitled to all the benefits and profits incident to the ownership of this land in its condition at the time of his purchase, which included the right and privilege of determining who, other than the lessee in possession, should occupy the land. Therefore, when Gilbert undertook by the assignment to transfer to defendant, the interest he had in the land was no more than he obtained by the departmental lease executed by the Indian to him, and which was approved by the Superintendent of the Five Civilized Tribes. This interest, by the lease's express terms, could not be assigned during the Indian's ownership without the approval of the Superintendent. Without such approval, the assignment would have been null and void. When Gilbert undertook the assignment to defendant, he had no such interest he could transfer solely by his own act or volition and without the consent or approval of the owner of the land.

For the reasons above stated, the judgment of the trial court is reversed; and the cause is remanded to the trial court with directions to proceed in accordance with the views herein expressed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon re-

port and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and HALLEY, J., dissent.

WILLIAMS, Vice Chief Justice (dissenting).

I do not concur in the majority opinion. Such opinion holds that the lease in question could not be assigned without the consent or approval of the owner of the land. There is no provision to that effect in the lease, however, and no rule of law which requires the consent or approval of the landowner as a prerequisite to assignment of the lease in the absence of a provision to that effect therein. In both cases cited in the majority opinion, Reeves & Co. v. Sheets, 16 Okl. 342, 82 P. 487, and Megreedy v. Macklin, 12 Okl. 666, 73 P. 293, the lease contract involved specifically provided that such lease could not be assigned without the consent of the lessor and the approval thereof by the Secretary of the Interior. The lease here in question merely provides that it can be assigned or transferred only with the consent of the Superintendent of the Five Civilized Tribes, and no right to approve or disapprove an assignment thereof is retained by the lessor.

It should be borne in mind that plaintiff here is seeking a forfeiture or cancellation of the lease itself, and not merely the assignment thereof. In both of the above cited cases the assignment or attempted assignment of the lease was held void, but the lease itself was not forfeited or cancelled. Furthermore, the lease here involved contains a specific provision relative to forfeiture for violation of the provisions thereof, which is as follows:

"Upon the violation of any of the substantial terms and conditions of this lease, the Superintendent for the Five Civilized Tribes (or lessor in event restrictions are removed) shall have the right at any time after thirty days' notice to the lessee specifying the terms or conditions violated, to declare this lease null and void, and the lessor shall then be entitled and authorized to take immediate possession of the land, * * *".

Plaintiff has neither pleaded nor proven compliance with the foregoing provision of the lease, and has not even made the lessee a party to the action. Under such circumstances, plaintiff is clearly not entitled to the relief sought by him here.

Under the provisions of the lease and the holdings of this court in Reeves & Co. v. Sheets, supra, and Megreedy v. Macklin, supra, the assignment of the lease without the approval of the Superintendent merely renders the assignment void and ineffective, and does not work a forfeiture of the lease. If the assignment is void and ineffective, the leasehold estate is still vested in the original lessee, Gilbert. In order to obtain cancellation of the lease for violation of the covenants thereof, it would be necessary, under the terms of the lease, for plaintiff to give a thirty day notice to the lessee, Gilbert, specifying the violation relied upon as a ground for cancellation, as a prerequisite to the bringing of a suit to obtain such cancellation. Plaintiff has not only failed to lay the basis for his action by giving the prescribed notice, but has also failed to make a party defendant of the party who under plaintiff's own allegations is the owner of the leasehold estate. The trial court therefore very properly denied plaintiff the relief sought and in my judgment should be affirmed.

I therefore respectfully dissent.