**Elmer Dean TURNER, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Receivership capacity, as Receiver for First National Bank and Trust Company of Cushing, Oklahoma; James Wasson, individually and Jim Hall, individually, Appellees.**

**No. 72110.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 22, 1991.

Robert J. Unruh, Jr., Oklahoma City, for appellant.

James H. Gray, Oklahoma City, for appellee, FDIC as receiver for First Nat. Bank of Cushing.

James B. Browne, Oklahoma City, for appellee, James Wasson.

Jim Hall, Cushing, pro se.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

In August 1986, First National Bank and Trust Company of Cushing, Oklahoma (Bank) filed a foreclosure action in Case No. C–86–563 against Elmer Dean Turner (Turner). When Turner filed no answer, the trial court granted default judgment and ordered sale of the property on execution. After the trial court overruled Turner's Motion to Vacate Judgment, the property was sold, and Bank received deficiency judgment. Turner filed no appeal from any of these orders.

On July 19, 1988, Turner filed an action in Case No. C–88–409–H claiming fraud, naming Bank [and FDIC as Receiver for Bank] and James Wasson and Jim Hall, individually, as defendants. These defendants filed motions to dismiss claiming Turner's fraud action should have been pled as a compulsory counterclaim in Bank's foreclosure suit and was barred by *res judicata*. The trial court agreed. Turner appeals from the trial court's order dismissing his claim against all three defendants.

In 1984 the Legislature adopted Federal Rule 13(a) when it enacted 12 O.S.Supp. 1986 § 2013(A). It reads in part:

A. COMPULSORY COUNTER-CLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

With this legislation, Oklahoma joined the federal system in requiring certain counterclaims to be brought in response to an opposing parties' claim. Since the legislature followed the federal rule, we may safely look to federal decisions for guidance on application of § 2013(A). *Shores v. First City Bank Corp.*, 689 P.2d 299 (Okla. 1984). Although the rule does not explicitly so state, the effect of a defendant's failure to assert a counterclaim made compulsory by subsection (A) is to preclude its assertion in a later action against the former plaintiff. *Mesker Bro. Iron Co. v. Donata Corp*, 401 F.2d 275 (4th Cir., 1968).

*Springs v. First National Bank of Cut Bank*, 835 F.2d 1293 (9th Cir.1988) presents a fact situation similar to the one before us. A bank instituted a foreclosure action against Springs, who did not appear or answer the complaint. After default judgment, sale of the property and deficiency judgment for the remainder of the debt, Springs moved to set aside the default judgment but was denied. On appeal, the Montana Supreme Court affirmed. Springs then brought an action in federal court asserting the bank was negligent in refinancing the property and had acted in bad faith by purchasing the property at sheriff's sale for less than fair market value. The Ninth Circuit ruled Springs' negligence claim was a compulsory counterclaim under Rule 13(a), and since he failed to raise the negligence claim during the foreclosure proceeding, he was barred from asserting it in the second action. The court also held Springs had the opportunity to raise the bad faith claim during the motion to set aside judgment, and his failure to do so precluded him from raising that claim in a later case. As noted by the court, the doctrine of *res judicata* bars "all grounds for recovery which could have been assert-

ed, *whether they were or not,* in a prior suit between the same parties ... on the same action." *Springs,* at 1296.

■ Turner argues his counterclaim was not compulsory because it was not mature until after the previous judgment. He claims he was "armed only with suspicions of fraud at the time of the foreclosure action" and did not possess sufficient facts to prove fraud. In the first case, Turner filed no answer and did not try to obtain any information through discovery. In his Motion to Vacate Default Judgment or in the alternative, Motion For New Trial, Turner stated he had a "viable and justiciable defense and counterclaim against the Plaintiff, both arising out of the transaction complained of by the Plaintiff, which is required to be joined with Plaintiff's action pursuant to 12 O.S.1985 § 2013;" Turner's statement is tantamount to an admission that he was cognizant of his claim and knew § 2013 required him to raise it in response to Bank's foreclosure claim. If he needed additional time to develop the facts he should have requested it. Having failed to appeal from the trial court's denial of his attempt to raise the counterclaim, he cannot complain of that error now. Turner's failure to timely raise his counterclaim against opposing party, i.e., Bank, required its dismissal in this second case. The trial court did not err in doing so.

Section 2013(A) does not dictate an identical result for Wasson and Hall. They were not Turner's "opposing parties" in the foreclosure action. As noted by Professor James Moore, in his treatise on the Federal Rules:

> The traditional principle appears to be that unless a person has submitted himself to the jurisdiction of the court in a capacity by making a claim in that capacity, then he is not an "opposing party" such that a compulsory counterclaim must and a permissive counterclaim may be entered against him in that capacity. To illustrate, a suit by a principal does not generally submit the agent to the jurisdiction of the court, and thus a subsequent suit against the agent is not barred. *3 Moore's Federal Practice* ¶ *13.06* (2nd Ed.1990).

■ As noted in *Springs, supra,* compulsory counterclaims are barred from subsequent action by the doctrine of *res judicata* or estoppel by judgment.. This doctrine requires there be an identity of parties and subject matter. *Bras v. First Bank & Trust Co. of Sand Springs,* 735 P.2d 329 (Okla.1985). Parties between whom a judgment is claimed to be an estoppel must have been parties to the action in which the judgment was rendered in the same capacities and in the same antagonistic relation, or in privity with parties to the former action. *Smittle v. Eberle,* 353 P.2d 121 (Okla.1960). Wasson and Hall were not parties to Bank's foreclosure action and were not "in privity" with Bank with respect to the subject of that action. See *Greco v. Foster,* 268 P.2d 215 (Okla.1954) (privity denotes someone claiming by or through a party to the former action).

Nothing in § 2013(A) suggests the Legislature intended to bar subsequent claims against persons who were not parties to the original action. This conclusion is buttressed by 12 O.S.Supp.1986, § 2013(H) which treats the joinder of additional parties to counterclaims as permissive. While the trial court correctly concluded Bank, and FDIC as its successor and privy, was entitled to assert the previous judgment as a bar to Turner's claim in this subsequent suit, it erred in barring Turner's claims against Wasson and Hall. We reverse the trial court's order dismissing Turner's claim against Wasson and Hall, and remand the case with instructions to proceed on those claims as provided by law.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.