Fern S. McINTOSH, Appellant,

v.

LIMESTONE NATIONAL BANK, a National Banking Association, Appellee.

No. 82431.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 14, 1995.

Certiorari Dismissed as Untimely April 13, 1995.

12. "All judgments of courts of record shall bear interest at a rate prescribed pursuant to subsec- tion B of this section ..."

Jackson M. Zanerhaft, Tulsa, for appellant.

George Hooper, Tulsa, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant filed this action alleging that Appellee, Limestone National Bank, willfully breached an escrow agreement with her and because of this breach Appellant, Fern S. McIntosh, was entitled to actual and punitive damages. She alleged she and her ex-husband placed funds in an escrow account they set up at Appellee Bank for the purpose of paying her periodic payments on her ex-husband's property settlement debt to her. This agreement provided that the funds would not be paid out without a court order or at the request of both parties and their attorneys. The ex-husband obtained a $17,-000.00 judgment against Appellant for damage to his property. Later they entered into an agreement to pay the judgment out of the escrow account and to distribute the remainder of the funds which was executed by both parties and their attorneys. This agreement also contained provisions for payment of $200.00 to the bank as expenses and also contained a clause whereby the parties agreed to hold the bank harmless for any and all-actions, damages, costs charges and expenses arising out of any act done in relation to the escrow agreement. Prior to the execution of this agreement the Bank paid interest on the account to the ex-husband. That

payment resulted in a communication protesting the payment as unauthorized which resulted in an investigation by the Banking Commissioner which necessitated expenditure of funds for attorney fees in connection with the investigation. The Bank sought reimbursement for those fees in an action in Creek County, Oklahoma, and recovered a judgment against McIntosh. This action proposes to recover the interest paid to the ex-husband allegedly in violation of the escrow agreement.

▇▇▇ In response to this petition Appellee filed a motion to dismiss which included exhibits. The inclusion of these exhibits, and their consideration by the trial court, render the judgment ultimately made in effect a summary judgment. We review the trial court's decision by the standards applicable to the summary adjudication procedure provided in Rule 13, Rules for District Courts, 12 O.S.1991, C. 2, App., because the motion to dismiss was based upon "matters outside the pleading" which were not excluded by the trial court. 12 O.S.1991 § 2012(B). Under those standards we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties, and will affirm if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okla.1988). *Grider By and Through Grider v. Independent School Dist. No. 89*, 872 P.2d 951 (Okla.App.1994). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Ross v. City of Shawnee*, 683 P.2d 535 (Okla.1984).

▇▇▇ One of Appellant's propositions of error asserts the trial court erred in refusing to issue findings of fact and conclusions of law. The first request for these findings appear in the motion to reconsider filed on August 16, 1993. The judgment is dated August 4, 1993. A request for findings of fact and conclusions of law must be made before judgment. *Britton v. Absher*, 290 P.2d 769 (Okla.1955); *Roberts v. C.F. Adams & Son*, 199 Okla. 369, 184 P.2d 634 (1947). See also, *Folsom v. Wortham*, 293 P.2d 351 (Okla.1956), *In re Miller's*

*Estate*, 182 Okla. 534, 78 P.2d 819 (1938). The motion to reconsider cannot be treated as a motion for new trial, as it was filed more than ten days after the judgment. Accordingly, this proposition of error is insufficient to disturb the judgment of the trial court.

▇▇▇ Appellant contends the cause of action is viable because it is not a collateral attack on the small claims judgment that Limestone had obtained against her and she is currently making payments in an effort to satisfy, and thus she cannot be seen to be trying to avoid or defeat that judgment. A collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial. *Nilsen v. Ports of Call Oil Co.*, 711 P.2d 98 (Okla.1985); *Woods Petro. Corp. v. Sledge*, 632 P.2d 393 (Okla.1981). Thus this action cannot be properly considered a collateral attack on a prior judgment, for Appellant is not seeking to avoid payment of the prior judgment here.

▇▇▇ Compulsory counterclaims are barred from subsequent action by the doctrine of res judicata or estoppel by judgment. Under the doctrine of res judicata, or claim preclusion, the parties are precluded from relitigating not only the adjudicated claim, but also any theories or issues that were either actually decided or could have been decided in that action. The dispositive question here is whether the claim is a compulsory counterclaim. If deemed compulsory, the failure to assert the right of action in the former case would be a bar to its subsequent assertion here. *Turner v. Federal Deposit Ins. Corp.*, 805 P.2d 130, (Okla.App.1991) *Oklahoma Gas & Elec. Co. v. District Court, Fifteenth Judicial Dist., Cherokee County*, 784 P.2d 61 (Okla.1989). The claim is based upon the same transaction as that in the prior action. As such it is a compulsory counterclaim as argued by the Bank. The transaction in this instance is the escrow agreement. The entire dealing of the Bank with Appellant, Fern S. McIntosh, involved the one escrow agreement. The prior action involved the same parties in a suit over the

dissolution of that escrow agreement in the same capacities as they are now appearing in this Court. This doctrine requires there be an identity of parties and subject matter. *Bras v. First Bank & Trust Co. of Sand Springs*, 735 P.2d 329 (Okla.1985). Parties between whom a judgment is claimed to work an estoppel must have been parties to the action in which the judgment was rendered in the same capacities and in the same antagonistic relation, or in privity with parties to the former action. *Smittle v. Eberle*, 353 P.2d 121 (Okla.1960). See *Greco v. Foster*, 268 P.2d 215 (Okla.1954). Privity here denotes someone claiming by or through a party to the former action. The traditional principle appears to be that unless a person has submitted himself to the jurisdiction of the court in a capacity by making a claim in that capacity, then he is not an "opposing party" such that a compulsory counterclaim must, and a permissive counterclaim may, be entered against him in that capacity: To illustrate, a suit by a principal does not generally submit the agent to the jurisdiction of the court, and thus a subsequent suit against the agent is not barred. Moore's Federal Practice p. 13.06 (2nd Ed.1990). *Turner v. Federal Deposit Ins. Corp.*, supra.

Appellant contends the fact that the proceeding action was a small claims action alters the above discussed rule. In support of this proposition, 12 O.S.1991 § 1758 is cited for the proposition that an answer or counterclaim need not be filed. This arises, it is said, because the statute states "if the Appellee wishes to state a new matter which constitutes a counter-claim, or a set-off, he shall ...". Additionally, it is proposed that *Lee Wayne Co., Inc. v. Pruitt* 550 P.2d 1374 (Okla.App.1976), leads to this conclusion inasmuch as it states no answer need be filed. *Eskridge v. Ladd*, 811 P.2d 587 (Okla.1991), seems to acknowledge the fact that the compulsory counterclaim is barred if not asserted in a small claims action. The trial court is thus not shown to have erred in so holding.

Appellant has raised three errors as sufficient to overturn the judgment of the trial court. As discussed, the request for findings of fact and conclusions of law came too late for the trial court's failure to honor that request to be considered reversible error. Secondly, the Appellant is correct in asserting the present action is not a collateral attack on a final judgment. However, this action is barred as a matter of law by the doctrine of estoppel by judgment as a result of the failure to raise the present issue as a compulsory counterclaim in the prior action.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.