1999 OK 30

Delores Lynn McDANELD a/k/a Dee Lynn McDaneld, Plaintiff/Appellant,

v.

LYNN HICKEY DODGE, INC., Defendant/Appellee.

No. 90658.

Supreme Court of Oklahoma.

April 20, 1999.

Joseph C. Schubert, Oklahoma City, Oklahoma, for appellant.

C. Craig Cole, C. Craig Cole & Associates, Oklahoma City, Oklahoma, for appellee.

OPALA, J.

¶1 Certiorari was granted to settle the first-impression question whether a small-claim defendant with a counterclaim in excess of the statutory limit (excess counterclaim) is required to assert it and press for a transfer of the case to another district court docket at the peril of losing the opportunity to bring the counterclaim in a later action. Though we answer in the affirmative, we give today's pronouncement a purely prospective application.

I

## THE ANATOMY OF LITIGATION

¶2 This case arises out of a transaction in which Delores McDaneld [McDaneld or buyer] purchased a vehicle from Lynn Hickey Dodge [dealer] and applied for financing. According to McDaneld, in the course of this transaction the dealer not only forged her name upon a promissory note, but also made certain affirmative misrepresentations and failed to communicate other matters it had a duty to disclose. She acknowledged that the dealer had earlier brought against her a small claim—arising out of the same occurrence—to collect the promissory-note debt.[1] In the small-claim case the trial court had given judgment to McDaneld. That disposition was allowed to attain finality.

¶3 McDaneld then filed a new action—based on the same occurrence—alleging fraud, misrepresentation and certain violations of the Oklahoma Consumer Protection

---

1. *Lynn Hickey Dodge, Inc. v. Dee L. McDaneld,* Case No. SC–96–18255, District Court, Oklahoma County.

Act.[2] Car dealer pressed for dismissal, arguing that buyer sought relief that was barred by her failure to counterclaim in the small-claim case[3] as well as by the doctrine of claim preclusion.[4] Buyer countered that (a) the Small Claims Procedure Act[5] does not provide for compulsory counterclaims; (b) dealer cites *no binding precedential authority* in support of its position; and (c) the doctrine of res judicata cannot be used to defeat her claim against the defendant. The trial court dismissed the action, declaring buyer barred from the relief sought by her failure to counterclaim in the small-claim case.

¶4 The Court of Civil Appeals [COCA] affirmed, correctly treating the nisi prius "dismissal" as a summary judgment for the dealer.[6] The appellate court reasoned that (a) because the buyer's quest for relief arises out of the same transaction (or occurrence) which was the subject of the earlier small-claim case brought by the dealer, it was subject to a 12 O.S.1991 § 2013(A)[7] bar for buyer's failure to press a compulsory counterclaim; (b) McDaneld's failure to assert a compulsory counterclaim is hence a statutory bar in a later case against a party to the original litigation;[8] (c) the compulsory-counterclaim requirement governs in small-claim litigation,[9] and (d) no authority is tendered

for the position that equity may relieve McDaneld from the legal effect of her failure to counterclaim in the small-claim case.

¶5 On McDaneld's petition, certiorari was granted to give precedential effect to the conclusion reached by COCA and to extricate this plaintiff (defendant in the earlier small-claim case) from the law's bar by giving today's pronouncement *purely prospective application.*

## II

## THE LEGISLATIVE REGIME FOR *SMALL-CLAIMS PROCEDURE* REQUIRES A DEFENDANT TO (1) *PLEAD* AN EXCESS COUNTERCLAIM ARISING FROM THE SAME TRANSACTION AND (2) *PRESS* FOR THE REMOVAL OF THE CASE TO THE GENERAL DOCKET IN ORDER TO ESCAPE THAT COUNTERCLAIM'S BAR IN A LATER-BROUGHT ACTION

¶6 The legislative regime for small-claims procedure contemplates a transfer of the case to the general docket when a defendant presses a counterclaim that exceeds the statutory limit upon the amount in controversy.[10] The terms of 12 O.S.Supp.1995

---

2. 15 O.S.1991 §§ 751 *et seq.*

3. For its defense—that failure to file a counterclaim in the small-claim case bars the present action—the dealer cites *McIntosh v. Limestone Nat. Bank,* 1995 OK CIV APP 24, 894 P.2d 1145 and *Turner v. Federal Deposit Insurance Corporation,* 1991 OK CIV APP 5, 805 P.2d 130. *These authorities, while persuasive, lack precedential value.* 20 O.S.1991 § 30.5; Rule 1.200(c)(2), Oklahoma Supreme Court Rules, 12 O.S.Supp. 1997, Ch. 15, App. 1.

4. For its defense of claim preclusion, the dealer cites *Eskridge v. Ladd,* 1991 OK 3, 811 P.2d 587.

5. 12 O.S.1991 §§ 1751 *et seq.*

6. To its dismissal motion car dealer attached several exhibits. If a dismissal motion tenders for consideration materials *dehors* the pleadings, summary judgment procedure must be used. 12 O.S.1991 § 2012(B). *See in this connection Ouellette v. State Farm Mut. Auto. Ins. Co.,* 1994 OK 79, 918 P.2d 1363, 1365 n. 10; *Dyke v. Saint Francis Hospital, Inc.,* 1993 OK 114, 861 P.2d 295, 299; *Norman v. Trison Development Corp.,*

1992 OK 67, 832 P.2d 6, 8; *Silver v. Slusher,* 1988 OK 53, 770 P.2d 878, 881 n. 8.

7. The pertinent provisions of 12 O.S.1991 § 2013(A) are:

A. COMPULSORY COUNTERCLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

8. For this notion COCA cites *Turner, supra* note 3.

9. For this proposition, COCA cites *McIntosh, supra* note 3.

10. The terms of 12 O.S.Supp.1995 § 1759 (the version in effect when the small-claim judgment was entered) required that a counterclaim in excess of the statutory limit upon the value in controversy be removed from the small-claims

§ 1759(A)[11] provide that where the amount of a counterclaim exceeds the statutory value-in-controversy limit of $4,500 for small claims, the case *shall be transferred* to the general docket of the district court (unless otherwise agreed by the parties in writing). The terms of the general Pleading Code, 12 O.S.1991 § 2013(A), make *compulsory* "any claim [counterclaim, cross-claim or third-party claim] which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the [same] transaction or occurrence...."[12] This case presents the question whether (absent an agreement in writing providing otherwise) an *excess compulsory counterclaim must be pressed against a small claim together with the defendant's plea for removal of the case to another docket.*[13]

¶7 An *excess counterclaim* may be plead by a timely-brought verified answer.[14] Because (absent a written agreement) that claim is irremediable in the framework of small-claims procedure, the defendant who presses one has a *mandatory duty* further to request the removal of the case to the general docket. One's failure to plead a *compulsory counterclaim* against a plaintiff in a general civil-docket suit bars a later action on that demand.[15] A *compulsory counterclaim* requirement is similar in effect to a claim-preclusion bar.[16] The principle of claim preclusion (earlier known as res judicata) teaches that a judgment in an action bars the parties (or their privies) from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided

docket (unless otherwise agreed among the parties in writing). The pertinent terms of § 1759(A) provided:

A. Except as provided by subsection B of this section, if a claim, a *counterclaim,* or a setoff *is filed,* prior to the expiration of the time prescribed by Section 1758 of this title [72 hours], for an amount *in excess of Four Thousand Five Hundred Dollars ($4,500.00 ),* the action *shall be transferred to another docket of the district court* unless both parties agree in writing and file said agreement with the papers in the action that said claim, *counterclaim,* or setoff shall be tried under the small claims procedure. If such an agreement has not been filed, a judgment in excess of Four Thousand Five Hundred Dollars ($4,500.00) may not be enforced for the part that exceeds Four Thousand Five Hundred Dollars ($4,500.00)....
(emphasis supplied).
The quoted text was not affected by the 1996 amendment.

11. *Id.*

12. *See supra* note 7; *Oklahoma Gas & Elec. Co. v. District Court,* 1989 OK 158, 784 P.2d 61, 64.

13. The issues tendered on certiorari require that we consider the impact of the *after-enacted* Pleading Code of 1984 upon the *earlier small-claims regime.* Because in federal practice there is no notion of *interdocket removal, this case calls for an expansion of the Pleading Code's compulsory-counterclaim requirement to include excess counterclaims in small-claim proceedings.*

14. The pertinent terms of 12 O.S.Supp.1995 § 1758 are:
No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified

answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action....

15. *OG&E, supra* note 12 at 64 n. 8. Because Oklahoma's *compulsory counterclaim requirement* (12 O.S.1991 § 2013(A), *supra* note 7) parallels exactly the language of Rule 13, Fed.R.Civ. P., the case law that interprets the corresponding federal rule of civil procedure is instructive. *See in this connection Gay v. Akin,* 1988 OK 150, 766 P.2d 985, 990 n. 18; *Laubach v. Morgan,* 1978 OK 5, 588 P.2d 1071, 1073. "A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." Wright & Miller, 6 Federal Practice & Procedure § 1417 (1990). The Committee Comments to 12 O.S.1991 § 2013 recognize this general rule: "If a pleader fails to assert a compulsory counterclaim he cannot use it as the basis of an independent suit." *See* Fraser, Counterclaims, Cross–Claims, and Third–Party Claims Under the Oklahoma Pleading Code, 39 Okla. L.R. 1 (1986).

16. *See, e.g., FDIC v. Hulsey,* 22 F.3d 1472 (10th Cir.1994), where the court explained that a counterclaim is compulsory if "(1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (2) *res judicata would bar a subsequent suit on the defendant's claim;* (3) the same evidence supports or refutes the principal claim and the counterclaim; and (4) there is a logical relationship between the claim and counterclaim." *Id.* at 1487 (citing *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1198 (10th Cir.1974)); *Driver Music Co., Inc. v. Commercial Union Ins. Companies,* 94 F.3d 1428, 1435 (10th Cir.1996).

*together with those which could have been decided in that action.*[17]

■ ¶8 The purpose of a compulsory counterclaim, as well as of claim preclusion, is to prevent multiplicity of litigation over related claims.[18] Both doctrines are based largely on a policy of conserving judicial resources by avoiding needless relitigation of closely related issues. Judicial economy and efficiency in the system are promoted when all issues related to the same transaction (or occurrence) can be resolved in the same case. It is in keeping with legislative intent that a small-claim litigant who fails timely to bring an excess compulsory counterclaim (and transfer the case to the general docket) be barred from pressing that claim in a later action.

■ ¶9 The dealer's defense of claim preclusion is inextricably intertwined with its plea for interposition of the compulsory-counterclaim bar. The former cannot be effective if the compulsory nature of the latter remained unsettled. In short, there can be no res judicata bar if the procedural regime in effect at the critical time in question did not clearly bar a later action upon a claim left unpressed as a counterclaim to the small claim. Res judicata presupposes that the issues barred by its teaching *could or should have been litigated* in the earlier case.[19] Where, as here, a small-claim defendant's (excess) counterclaim had not been declared to be her exclusive remedy—and no mandatory removal had been imposed either by legislative or case law—the earlier decision

cannot be deemed preclusive of the claim now sought to be prosecuted in this action.[20]

¶10 Although it is clear on this record that McDaneld's present claim "arises out of the transaction or occurrence" that was the subject of the dealer's earlier small-claim proceeding, the law in force at the critical time was far from settled. It did not mandate that related excess counterclaims be pressed and their removal sought at the peril of losing them. If the dealer's earlier claim had been litigated as an action on the district court's general docket, there would be no doubt about the law's preclusive bar against today's suit.

## III

## DUE PROCESS CALLS FOR ADEQUATE NOTICE TO A PARTY WHOSE RIGHTS MAY BE ADVERSELY AFFECTED BY JUDICIAL ACTION

■ ¶11 Although the result reached by COCA is doubtless conformable to the legislative intent, it cannot bind this plaintiff. It would be patently unfair (as well as offensive to due process standards) to saddle McDaneld with a compulsory-counterclaim bar when the very issue in contest—whether a small-claim defendant with an excess counterclaim was duty-bound to assert it and to have the case transferred to another docket—had not been clearly settled by precedent-setting jurisprudence at the time she forewent bringing her counterclaim. Due process requires adequate notice to the party whose rights may be adversely affected by judicial action.[21]

17. *Miller v. Miller*, 1998 OK 24, 956 P.2d 887, 896; *National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.*, 1997 OK 36, 946 P.2d 662, 667; *Veiser v. Armstrong*, 1984 OK 61, 688 P.2d 796, 800 n. 9.

18. *OG&E, supra* note 12 at 64.

19. *Miller, supra* note 17 at 896; *National Diversified, supra* note 17 at 667; *Veiser, supra* note 17 at 800 n. 9.

20. *See in this connection Wilson v. Kane*, 1993 OK 65, 852 P.2d 717, 722–23.

21. The standard of fairness exacted by the Due Process Clause mandates that notice meeting minimum constitutional standards precede judicial action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950); *Bailey v. Campbell*, 1991 OK 67, 862 P.2d 461, 469; *Cate v. Archon Oil Co.*, 1985 OK 15, 695 P.2d 1352, 1356; *Bomford v. Socony Mobil Oil Co.*, 1968 OK 43, 440 P.2d 713, 718. Notice must be reasonably calculated to inform interested parties of every critical stage so as to afford them an opportunity to meet the issues at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1190–91, 14 L.Ed.2d 62 (1965); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84–85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). *See also, Shamblin v. Beasley*, 1998 OK 88, 967 P.2d 1200, 1209; *Capitol Federal Savings Bank v. Bewley*, 1990 OK 79, 795 P.2d 1051, 1053–54.

¶ 12 Because we give today precedential effect to a point of Oklahoma procedural law that stood unresolved at the time critical to this controversy, *we hold that this pronouncement will have purely prospective effect* [22] *and apply as a preclusive bar only to excess compulsory counterclaims whose timely filing (in a small-claim case) may be effected after the effective date of this opinion.* [23]

## V

## SUMMARY

¶ 13 The law provides a mechanism for an *interdocket transfer* of the case when an excess compulsory counterclaim is interposed in a small-claim proceeding. Because it is in keeping with legislative intent that all related claims be resolved in the same litigation, an excess compulsory counterclaim *not* filed in a small-claim case (and where the case was not concurrently pressed for transfer to another docket) cannot be litigated in a later-brought suit.

¶ 14 When, as here, the dispositive rule of adjective law on the point in controversy was far from clearly settled, the notions of fundamental fairness (implicit in due process) require that today's pronouncement be accorded purely prospective effect. It will govern only those excess compulsory counterclaims whose timely filing may be effected *after* the effective date of this opinion.

¶ 15 On certiorari granted upon buyer's petition, the Court of Civil Appeals' opinion is vacated, the trial court's judgment is reversed, and the cause remanded for further proceedings to be consistent with today's pronouncement.

¶ 16 SUMMERS, C.J. and HODGES, LAVENDER, OPALA, KAUGER and WATT, JJ., concur;

¶ 17 HARGRAVE, V.C.J. and SIMMS, J., concur in part and dissent in part.

---

22. Judicial policy determines whether, and to what extent, a new rule will operate retroactively. *Griggs v. State ex rel. Oklahoma Dept. of Transp.*, 1985 OK 51, 702 P.2d 1017, 1020. For extant jurisprudence giving purely prospective effect to the court's pronouncement, see *Hale v. Bd. of Cty. Com'rs of Seminole County*, 1979 OK 158, 603 P.2d 761, 764; *Isbell v. State, Etc.*, 1979 OK 156, 603 P.2d 758, 760–61 (Opala, J., concurring specially); *Poafpybitty v. Skelly Oil Company*, 1964 OK 162, 394 P.2d 515, 520 (the court applied prospectively its pronouncement on whether errors of law may be saved for review by their inclusion in a motion for new trial).

In giving purely prospective effect to today's pronouncement we follow the precedent set by *Poafpybitty, supra* at 520. *When called upon to settle the meaning of not-so-readily intelligible or identifiable procedural enactments that are a veritable trap for the unwary, the court will give its pronouncements purely prospective effect in order to save the parties from the unforeseen impact of an obscurely worded regime of adjective law. Id.; Isbell, supra* at 760 (Opala, J., concurring specially).

23. While buyer does not seek to avoid the compulsory-counterclaim bar on the same ground as that pronounced here, she does argue against its retrospective application by relying on an absence of precedential jurisprudence in force at the critical time in question.