2004 OK 50

Merwin ROBINSON, Appellant,

v.

TEXHOMA LIMESTONE, INC., and,
Jimmy Ray Merritt, Appellees.

No. 99,513.

Supreme Court of Oklahoma.

June 22, 2004.

**674**

Albert R. Matthews, Muskogee, OK, for appellant.

Carrie Palmer Hoisington and Linda G. Kaufmann, Oklahoma City, OK, for appellees.

BOUDREAU, J.

¶1 This is an appeal from a summary disposition order of the district court. The district court, finding that plaintiff's claim against defendants should have been filed as a compulsory counterclaim in a prior action, dismissed the claim with prejudice to its refiling. The Court of Civil Appeals affirmed. The dispositive question on certiorari is whether the district court erred in dismissing plaintiff's claim as barred by 12 O.S. 2001, § 2013(A). We answer in the affirmative. Accordingly, we vacate the opinion of the Court of Civil Appeals and reverse the district court's summary disposition order.

## I. Background

¶2 This case arises out of a collision between a pick-up truck and a tractor/trailer vehicle at the intersection of State Highway 78 and 91 in Achille, Oklahoma. Plaintiff/appellant, Merwin Robinson, was driving the pick-up truck in which Eddie Robinson and Jerry Meade were passengers. Defendant/appellee, Jimmy Merritt (Merritt), was driving the tractor/trailer in the course of his employment with the owner of the tractor/trailer, Texhoma Limestone, Inc. (Texhoma), defendant/appellee. Both of Merwin Robinson's passengers were fatally injured

and Robinson was seriously injured in the accident.

¶3 The accident gave rise to three separate lawsuits. In the first suit, the estate of passenger Jerry Meade sought to recover damages for his wrongful death from Texhoma and Merritt. The petition alleged that Merritt caused the accident by driving at a high rate of speed in violation of applicable law. Texhoma and Merritt filed a third party petition against Merwin Robinson, driver of the pick-up truck, alleging he failed to stop and yield the right of way and seeking damages under the doctrine of contribution and/or indemnity. Texhoma and Merritt subsequently dismissed the third party petition without prejudice before Merwin Robinson filed an answer in the Meade case.[1]

¶4 In a second suit, the estate of passenger Eddie Robinson filed a wrongful death action against Texhoma and Merritt. That petition also alleged that Merritt caused the accident by driving at a high rate of speed in violation of applicable law. As in the Meade case, Texhoma and Merritt filed a third party petition against Merwin Robinson, the driver of the pick-up truck, alleging he failed to stop and yield the right of way and seeking damages under the doctrine of contribution and/or indemnity. Merwin Robinson answered the third party petition, denying liability and reserving the right to raise affirmative defenses when discovered. Texhoma and Merritt subsequently filed a dismissal without prejudice of the third party petition against Robinson.[2]

¶5 In the third and instant suit, Merwin Robinson, the driver of the pick-up truck, filed a personal injury action against Texhoma and Merritt, alleging that Merritt caused the accident by driving at a high rate of speed in violation of applicable law. Texhoma and Merritt filed a motion to dismiss, contending that Merwin Robinson's claim

---

1. The record proper of the passenger Meade litigation is not included in the appellate record, however, neither the Court of Civil Appeals nor the defendants, Texhoma and Merritt, rely on the prior Meade litigation as precluding driver Robinson's claim.

2. As discussed in part IV of this opinion, the record proper of the passenger Robinson litiga-

tion is not in the appellate record. There is no file-stamped copy of driver Robinson's answer to the third party petition in the appellate record. There is, however, a file-stamped copy of plaintiff's dismissal with prejudice of the petition to recover for the wrongful death of passenger Robinson, reciting full satisfaction of a compromise settlement of the parties.

was barred by 12 O.S.2001, § 2013(A) because he failed to assert it as a compulsory counterclaim when he filed his answer to the third party petition in the Eddie Robinson wrongful death case. Merwin Robinson responded to the dismissal motion contending that the claim was not barred because there had been no trial on the merits, no adjudication of the issues, and no judgment entered in either of the previous cases. The district court dismissed Merwin Robinson's claim with prejudice to its refiling.

¶ 6 Merwin Robinson timely appealed. The Court of Civil Appeals affirmed the dismissal of Merwin Robinson's claim. The Court of Civil Appeals found that Merwin Robinson's claim constituted a compulsory counterclaim in the prior action for the wrongful death of passenger Eddie Robinson.[3] It concluded that under 12 O.S.2001, § 2013(A), Merwin Robinson should have asserted his negligence claim as a third party defendant's counterclaim and that a final judgment in an earlier case is not necessary to invoke the statutory bar against a subsequent filing of the claim. We previously granted certiorari.

## II. Standard of Review

■■■ ¶ 7 Texhoma and Merritt attached several evidentiary exhibits to their motion to dismiss. Summary disposition procedure applies to a motion to dismiss that tenders for consideration material outside the pleadings. Rules for the District Courts, Rule 13, 12 O.S.2001, ch. 2, app. 1. An order granting summary disposition disposes solely of questions of law. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448. It is reviewable by a *de novo* standard. *Id. De novo* review of a lower court's legal rulings is plenary, independent and non-deferential. *Id.*

## III. Failure to interpose a compulsory counterclaim in a prior action operates to preclude the claim in a subsequent action only if final judgment on the merits was rendered in the prior action.

■■■ ¶ 8 Compulsory counterclaims are creatures of 12 O.S.2001, § 2013(A).[4] Subsection 2013(A) requires a pleader to assert as a counterclaim any claim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim which the pleader has against the opposing party at the time of serving the pleading. The failure to assert a compulsory counterclaim bars a later action on that demand. *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 7, 979 P.2d 252, 255–56. The purpose of the compulsory counterclaim bar is to prevent multiplicity of litigation over related claims. *Oklahoma Gas & Electric Co. v. District Court, Fifteenth Judicial District*, 1989 OK 158, ¶ 11, 784 P.2d 61, 64.

¶ 9 The courts have recognized two distinct theories underlying the compulsory counterclaim bar 1) merger and *res judicata* and 2)

---

3. The Court of Civil Appeals relied on the four-prong test for compulsory counterclaim utilized by the United States Court of Appeals for the Tenth Circuit in *FDIC v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir.1994), citing *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir.1974), delineating the factors that make a counterclaim compulsory: 1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; 2) *res judicata* would bar a subsequent suit on the defendant's claim; 3) the same evidence supports or refutes both the principal claim and the counterclaim; and 4) there is a logical relationship between the claim and the counterclaim.

4. Compulsory counterclaims became a part of Oklahoma law with the enactment of the Oklahoma Pleading Code, 1984 Okla. Sess. Laws, ch. 164, codified at 12 O.S.Supp.1984, §§ 2001, et seq. See, Committee Comment to Section 2013.

The compulsory counterclaim provisions in 12 O.S.2001, § 2013(A) read as follows:

A. COMPULSORY COUNTERCLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:

1. At the time the action was commenced the claim was the subject of another pending action; or

2. The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim pursuant to this section.

waiver and estoppel.[5]  Federal courts resting the compulsory counterclaim bar on merger and *res judicata* view the rule, Rule 13(a), Fed.R.Civ.P., as broadening the scope of the cause of action to include any claim or issue deemed to have been or that could have been determined when the judgment was rendered.[6]  In the view of these courts, the omitted counterclaim is merged into the judgment in the prior suit.[7]

¶ 10 Those courts resting the compulsory counterclaim bar on waiver and estoppel view the bar as arising from the culpable conduct of a litigant in failing to assert the compulsory counterclaim.[8]  Under this view, the question of whether an omitted compulsory counterclaim is precluded resides with the jury because the question of waiver and estoppel is ordinarily one of fact.[9]  Courts adopting this view do not strictly require that the bar rest on a judgment but allow it to be applied

to cases dismissed after a compromise agreement.[10]

¶ 11 Oklahoma has clearly taken the position that the bar of compulsory counterclaim is closely related to the doctrine of claim preclusion.  Explaining the nature of a compulsory counterclaim, *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 7, 979 P.2d 252, 255–56, said:

> ... A *compulsory counterclaim* requirement is similar in effect to a claim-preclusion bar. [Footnote omitted.]  The principle of claim preclusion (earlier known as res judicata) teaches that a judgment in an action bars the parties (or their privies) from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided in that action.* [Footnote omitted.]

¶ 12 Since Oklahoma has rested its compulsory counterclaim bar on the doctrine

5.  Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 *Federal Practice and Procedure* § 1417 (2d ed.1990).

6.  *Id.* Federal jurisprudence is instructive because Oklahoma's compulsory counterclaim statute mirrors the language of Rule 13, Fed.R.Civ.P. *McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d at 255, note 15.  The federal courts recognizing that the compulsory counterclaim bar rests on the principle of *res judicata* include:  *Speed Products Co. v. Tinnermen Products, Inc.*, 222 F.2d 61 (2nd Cir.1955);  *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3rd Cir.1961);  *Cleckner v. Republic Van and Storage Company, Inc.*, 556 F.2d 766 (5th Cir.1977);  *Martino v. McDonald's System, Inc.*, 598 F.2d 1079 (7th Cir.1979);  *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir.1960); and *FDIC v. Hulsey*, 22 F.3d 1472 (10th Cir.1994).

7.  See, *Publicis Communication v. True North Communications Inc.*, 132 F.3d 363, 365–66 (7th Cir.1997) explaining that by definition, a compulsory counterclaim mirrors the condition that triggers the defense of claim preclusion, earlier known as the doctrine of *res judicata,* and if the claim was not asserted in the prior suit, the aspect of claim preclusion known as merger and bar prevents a later assertion of that claim, unless the parties agree otherwise.

8.  See, Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 *Federal Practice and Procedure* § 1417, at note 10.  Although recognizing that the bar of compulsory counterclaim parallels the doctrine of *res judicata,* some federal and state courts have considered the bar in terms of waiv-

er and estoppel.  In *The Dow Chemical Co. v. Metlon Corp.*, 281 F.2d 292, 297 (4th Cir.1960), the court said "a compulsory counterclaim, under Rule 13(a) [it] must be asserted and, if not so asserted, it is waived."  In *House v. Hanson*, 245 Minn. 466, 72 N.W.2d 874, 877–78, the court observed that, in the absence of a judgment, the compulsory counterclaim bar is not absolute but in the nature of an estoppel arising out of the culpable conduct of a litigant in failing to assert a counterclaim and it concluded that the plaintiff's failure to assert his claim in a prior suit does not estop him from asserting his claim in a subsequent suit because the state legislature, in enacting the compulsory counterclaim statute, did not tract the federal rule with the express intent of insuring that tort counterclaims would not be compulsory.  And, in *Bailey v. State*, 57 Haw. 144, 552 P.2d 365, 368–69 (1976), the court recognized the harshness of a strict application of the doctrine of *res judicata;* citing Minnesota's *House v. Hanson*, the court concluded that the state compulsory counterclaim statute does not raise an absolute bar but a bar in the nature of estoppel; and holding that estoppel did not apply in that action, the court took the position that "where a defendant has had the opportunity, but has failed to assert a compulsory counterclaim in an action, Rule 13(a) estops him from asserting such claim in a subsequent action."

9.  See, *Dindo v. Whitney*, 451 F.2d 1 (1st Cir. 1971).

10.  See, *Carnation Co. v. T.U. Parks Construction Co.*, 816 F.2d 1099 (6th Cir.1987).

of claim preclusion, the bar must rest upon the existence of a judgment on the merits rendered in the prior action.[11] If the prior action was dismissed before judgment, a party cannot successfully invoke the compulsory counterclaim preclusive bar under § 2013(A) in a subsequent action. In that vein, the Committee Comment to Section 2013 states that "(i)f a defendant fails to assert a compulsory counterclaim in an answer but the action is *dismissed before trial,* the defendant is not precluded from raising his claim in a second action. *Lawhorn v. Atlantic Ref. Co.,* 299 F.2d 353 (5th Cir.1962); *Douglas v. Wisconsin Alumni Research Found.,* 81 F.Supp. 167 (N.D.Ill.1948)." (Underlining added.) Similarly, advisory notes to Rule 13(a), Fed. R.Civ.P., the federal counterpart to § 2013(A), states: *"If the action proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." (Underlining added.)

**IV. This Court cannot make a legal determination as to the preclusive effect of the prior action (the passenger Eddie Robinson action) on Merwin Robinson's claim in this case because the summary disposition record does not contain the complete judgment roll of the prior action.**

■ ¶ 13 Having determined that the compulsory counterclaim statute, 12 O.S.2001, § 2013(A), operates to preclude a claim only if final judgment on the merits was rendered in the prior action, we now turn to the sufficiency of the record on appeal. We have previously explained that while "an appellate court can take judicial notice *of its own records* in litigation interconnected with a case before it, [footnote omitted] it cannot take judicial notice *of records in other courts." Salazar v. City of Oklahoma City,* 1999 OK 20, ¶ 11, 976 P.2d 1056, 1061. Those who rely on a judgment for its preclusive effect are duty-bound to produce the entire judgment roll of that judgment as evidence in the subsequent action.[12]

¶ 14 The summary disposition record does not contain the judgment roll of the prior action for the wrongful death of passenger Eddie Robinson. Because Texhoma and Merritt are relying on that prior action as a preclusive bar to Merwin Robinson's claim in this case, it was their burden to produce below the entire judgment roll from that action.[13] Without the entire judgment roll, this Court cannot determine with a requisite degree of certainty 1) what claims were pressed in the prior action, and 2) whether the claim that driver Merwin Robinson is asserting in this case was actually a compulsory counterclaim in the prior action. Stated otherwise, the summary disposition record does not allow this Court to make a legal determination whether Merwin Robinson's failure to assert a counterclaim in the prior action precludes his claim in this action.

**V. Summary**

¶ 15 In summary, failure to interpose a compulsory counterclaim in a prior action operates to preclude the claim in a subsequent action only if final judgment on the merits was rendered in the prior action. However, this Court cannot make a legal determination as to the preclusive effect of

---

11. The elements of claim preclusion are: 1) identity of subject matter and the parties or their privies in the prior litigation; 2) a court of competent jurisdiction heard the prior litigation; and 3) *the judgment rendered in the prior litigation must have been a judgment on the merits* of the case and not upon purely technical grounds. *Carris v. John R. Thomas and Associates, P.C.,* 1995 OK 33, 896 P.2d 522. A judgment acquires the degree of finality requisite for application of the claim-preclusion doctrine. *Panama Processes, S.A. v. Cities Service Co.,* 1990 OK 66, ¶ 11, 796 P.2d 276, 283, note 27.

12. The record proper is synonymous with the judgment roll which consists of the petition, the process, the return, the pleadings subsequent thereto, the reports, verdicts, orders, judgments, and all material acts and proceedings of the court. *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, ¶ 7, 713 P.2d 589, 591–92, n. 5.

13. Even if we accepted Texhoma and Merritt's argument that the compulsory counterclaim bar would operate without a judgment on the merits, this case would still have to be reversed. Texhoma and Merritt would still have the burden to produce below the entire judgment roll from the prior Eddie Robinson wrongful death action in order to support the asserted compulsory counterclaim bar.

the passenger Eddie Robinson wrongful death action on Merwin Robinson's present claim because the summary disposition record does not contain the complete judgment roll of the prior action. Accordingly, this cause must be remanded to the district court for further proceedings.

**OPINION OF THE COURT OF CIVIL APPEALS VACATED; SUMMARY DISPOSITION OF THE DISTRICT COURT REVERSED; CAUSE REMANDED FOR FURTHER PROCEEDINGS.**

WATT, C.J., OPALA, V.C.J., and HODGES, HARGRAVE, KAUGER, BOUDREAU, WINCHESTER, and EDMONDSON, JJ., concur.

LAVENDER, J., dissents.