2001 OK CIV APP 116

**Glenda ISOKARIARI, Plaintiff/Appellant,**

v.

**HILLCREST MEDICAL CENTER, an Oklahoma Not–for–Profit Corporation, Defendant/Appellee.**

**No. 96,040.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 24, 2001.

Robert S. Coffey, Tulsa, OK, and Paula Inman, Tulsa, Oklahoma, for Appellant.

Karen L. Long, Jerry A. Richardson, Tulsa, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶1 Initially, Appellant, Glenda Isokariari (Isokariari), filed an action in the Northern District of Oklahoma alleging she was discriminated against in her employment because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Appellee, Hillcrest Medical Center (Hillcrest), denied these allegations and filed a motion for summary judgment in the federal court. The federal court granted Hillcrest's motion for summary judgment. The court made specific findings that Isokariari could not establish a *prima facie* case of race-based discrimination under Title VII but specifically declined to exercise jurisdiction over the remaining state law claims which were dismissed without prejudice. No appeal was taken from this ruling.

¶2 Isokariari filed this action in state court alleging wrongful discrimination based upon her race, a prima facie tort, and intentional infliction of emotional distress or in the alternative negligent infliction of emotional distress. Hillcrest moved for summary judgment on the basis of issue preclusion as the federal court had found the evidence did not show a *prima facie* case of race-based discrimination or in the alternative the undisputed facts do not support the allegations of wrongful discrimination, prima facie tort, or intentional/negligent infliction of emotional distress. The trial court granted the summary judgment by minute order on August 14, 2000. Before a journal entry of judgment was entered, Isokariari filed a motion to re-

consider. Again, by minute order, the trial court denied the motion to reconsider. A journal entry of judgment was filed on January 19, 2001. Isokariari filed a motion for new trial which was denied on February 26, 2001. Isokariari appeals.

■ ¶3 The dispositive issue argued in the motion for new trial and on appeal is whether the doctrine of issue preclusion applies to the action brought by Isokariari. A motion for new trial is addressed to the sound discretion of the trial court. Unless it appears the trial court acted arbitrarily, or erred on a pure question of law, the ruling on the motion will not be overturned on appeal. *McMinn v. City of Oklahoma City, 1997 OK 154*, 952 P.2d 517, 522.

■ ¶4 Hillcrest contends this lawsuit is barred because of the previous federal lawsuit in which Isokariari did not meet her burden of proof in establishing a *prima facie* case of race-based discrimination under Title VII. Under the doctrine of issue preclusion, once a court has ruled upon an issue of fact or law necessary to its judgment, the same parties may not relitigate the issue in a suit brought for a different claim. This doctrine bars relitigation of facts and issues actually litigated and necessarily litigated in an earlier proceeding between the same parties. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for resolution, and in fact decided. An issue is necessarily determined if the judgment would not have been rendered but for the ruling on that issue. Further, the party against whom issue preclusion is interposed must have had a full and fair opportunity to litigate the critical issue in the previous case. *Nealis v. Baird, 1999 OK 98, 996 P.2d 438*, 458.

■■ ¶5 In its motion for summary judgment, Hillcrest included the entire record from the federal court case on the Title VII issue. After reviewing all of the evidentiary materials and arguments presented, the federal court concluded:

"Based on a careful review of the record, the Court finds that Plaintiff's Title VII claim cannot be maintained as a matter of law. Plaintiff has failed to establish a *prima facie* case for Title VII race discrimination and, even if she were able to establish such *prima facie* case, Plaintiff has further failed to demonstrate that Defendant's stated non-discriminatory reasons for its conduct is pretextural. Specifically, while Plaintiff is concededly a member of a protected class, nothing in the record supports her claim either that she suffered an adverse employment action or that other similarly situated non-protected employees were treated differently. Further, with respect to Plaintiff's assertion that she will be able to prove racial bias once Defendant honors certain requests for production of documents, there is no evidence indicating that Hillcrest has been unresponsive to Plaintiff's discovery requests insofar as such requests were made within the time allowed for discovery by the scheduling orders entered by the Court in this case.

Assuming *arguendo* that Plaintiff has established a *prima facie* case of discrimination, the Court further finds that Defendant has met its burden of articulating legitimate, nondiscriminatory reasons for its employment decisions concerning Plaintiff. The record indicates that Defendant (sic) did not receive a full-time position because of her substandard performance, which Hillcrest fully documented and brought to Plaintiff's attention. Also, Hillcrest discharged Plaintiff because of her extended absence as noted in its letter to Plaintiff dated October 14, 1996. The letter indicated that Plaintiff's 12–month leave under the Family and Medical Leave Act had expired and Hillcrest was no longer able to hold her position open. In fact, Plaintiff's physician recommended that she did not return to work. Further, in contesting Defendant's stated justification for its actions, Plaintiff's reference to a recommendation letter on her behalf by Mr. Kirkhuff and an affidavit given by a co-worker, falls short of providing the Court with 'specific facts significantly probative to support an inference that Defendant's proffered justifications were a pretext for discrimination.' (Citation omitted) The Court thus concludes that Plaintiff has not offered any evidence that raises a genuine

issue of fact that Defendant's stated reasons are pretextual. (Citation omitted)"

To establish a *prima facie* case of discrimination for Title VII claims, the plaintiff must prove: 1) she is a member of a protected class, 2) she suffered an adverse employment action, and 3) other similarly situated non-protected employees were treated differently. *Elmore v. Capstan, Inc., 58 F.3d 525,* 529–30 (10th Cir.1995). To prove a wrongful termination under *Burk v. K Mart Corp., 1989 OK 22, 770 P.2d 24,* the plaintiff must identify an Oklahoma public policy goal that is clear and compelling as well as articulated in existing Oklahoma constitutional, statutory or jurisprudential law. Then the plaintiff must establish she is an at-will employee and the reasoning for her discharge violates the identified Oklahoma public policy goal.

■ ¶6 Isokariari relies upon the Oklahoma Anti Discrimination Act, *25 O.S.1991 § 1302,* as the Oklahoma public policy goal which Hillcrest violated when it terminated her employment and as the basis for this lawsuit. Section 1303 provides it is a discriminatory practice to terminate someone based on their race. Isokariari must produce evidentiary materials which establish there is a question of fact regarding whether her termination was as a result of her race. We note Isokariari does not provide any other documentation than she provided to the federal court in response to the motion for summary judgment. As discussed above in the federal court's decision, the evidence provided by Iokariari does not support an inference of race-based discrimination by Hillcrest. We find the wrongful termination has already been determined by the federal court and Isokariari is precluded from bringing this action.

¶7 Isokariari contends the federal court's findings are not determinative of the wrongful termination claim under state law because the standard of proof is not the same. This argument fails because of a recent Oklahoma Supreme Court decision addressing whether a *Burk* claim is available when a federal action is available. The Oklahoma Supreme Court in *Clinton v. State ex rel. Logan County Election Bd., 2001 OK 52,* 29 P.3d 543, held when an employer discharges a termina-ble-at-will employee based on the employee's status and the reason for the discharge violates Oklahoma's clear and compelling public policy, but the employee has adequate federal statutory remedy for wrongful discharge, the employee may not also bring a tort claim under *Burk* for wrongful discharge in violation of Oklahoma's public policy. Accordingly, the trial court's decision is affirmed.

¶8 AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.