**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VALLEY VIEW ANGUS RANCH,
INC., an Oklahoma corporation; OTIS
CULPEPPER, an individual,

    Plaintiffs - Appellants,

v.

DUKE ENERGY FIELD SERVICES,
INC., a Colorado limited partnership,

    Defendant - Appellee.

No. 06-6025

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 04-CV-191-T)**

---

Wes Johnston (Kenneth R. Johnston with him on the briefs) of Johnston &
Associates, Chickasha, Oklahoma for Plaintiffs - Appellants.

Jayne Jarnigan Robertson of Jayne Jarnigan Robertson, P.C. of Oklahoma City,
Oklahoma for Defendant - Appellee.

---

Before **HARTZ, EBEL** and **O'BRIEN**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

Valley View Angus Ranch (Valley View) appeals from the district court's grant of summary judgment in favor of Duke Energy Field Services (Duke). The court concluded Valley View's federal claims were precluded by the doctrines of claim and issue preclusion due to a defense it raised in related state litigation brought by Duke. Preclusion is generally a knotty issue, and particularly so in this case. In resolving the issue the district judge issued a thorough and reasoned opinion. Nevertheless, and most reluctantly, we must reverse.

## I. Background

Duke owns and operates a gas pipeline which runs through Valley View's 450-acre ranch in Oklahoma. In October 2003, Otis Culpepper[1], President of Valley View, observed a pipeline leak and notified Duke. According to Valley View, the leak polluted the soils and groundwater. In January 2004, after obtaining the appropriate permits to conduct a subsurface investigation, Duke notified Valley View it intended to install monitoring wells on the property pursuant to a claimed easement interest. However, Valley View would not grant Duke permission to enter the property[2] and on January 29, 2004, it denied Duke's contractors access.

The next day, Duke filed an action in the District Court of Grady County,

---

[1] Because Valley View and Culpepper filed joint briefs, we will refer to them collectively as "Valley View."

[2] Valley View states it withheld permission because Duke did not respond to its request regarding where the monitoring wells were to be located.

Oklahoma (the state suit) seeking injunctive relief. Duke obtained a temporary restraining order (TRO) against Valley View preventing Valley View from interfering with Duke's intended operations on the property.[3]

On February 25, 2003, prior to answering the state court complaint, Valley View filed an action in federal district court (the federal suit) against Duke seeking damages based on the gas line leak under the theories of trespass, nuisance and unjust enrichment. Two days later, Valley View filed answers in the state suit but did not assert any counterclaims. The same day Valley View filed its answers, Duke amended its complaint in the state suit to seek damages against Valley View in the amount of $3,000 for interference with its easement.

While the state matter was pending trial, Duke filed a motion for partial summary judgment. The state court granted partial summary judgment to Duke based on its conclusion Duke held an easement interest in the property. The state case then went to trial to determine whether Valley View violated its duties under the easement by refusing Duke access to the property, and, if so, the amount of damages. The jury found against Valley View and awarded $1,800 damages. Valley View did not appeal and the verdict became final.

Thereafter, Duke filed a motion for summary judgment in the federal district court contending Valley View's federal claims were barred by the

---

[3] On April 6, 2003, the TRO was vacated and the request for an injunction denied.

doctrines of issue and claim preclusion. The district court agreed and granted

Duke's summary judgment motion. Valley View appeals.

## II. Discussion

Valley View asserts the district court erroneously applied the doctrines of

issue and claim preclusion in granting summary judgment to Duke. Duke

disagrees, claiming both doctrines bar Valley View's federal claims. In the

alternative, it asserts Valley View's claims are barred by Oklahoma's compulsory

counterclaim statute. We address each argument.

### A. Standard of Review

"We review a grant of summary judgment *de novo*, applying the same legal

standard used by the district court under Fed. R. Civ. P. 56(c)." *Rohrbaugh v.

Celotex Corp.*, 53 F.3d 1181, 1182 (10th Cir. 1995). "Summary judgment should

be granted if 'there is no genuine issue as to any material fact and . . . the moving

party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P.

56(c)).

We review *de novo* the district court's conclusions of law on the

applicability of issue and claim preclusion. *Salguero v. City of Clovis*, 366 F.3d

1168, 1172 (10th Cir. 2004) (issue preclusion); *Frandsen v. Westinghouse Corp.*,

46 F.3d 975, 977 (10th Cir. 1995) (claim preclusion).

Finally, we look to state law to determine if a claim is a compulsory

counterclaim, and, if so, the effect of a failure to raise such a claim. *Fox v.

-4-

*Maulding*, 112 F.3d 453, 456 (10th Cir. 1997).   Under 28 U.S.C. § 1738,[4] the preclusive effect of a state judgment is governed by the rules of preclusion of that state.  *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-82 (1985) (citing 28 U.S.C. § 1738).   We review *de novo* the district court's application of Oklahoma law on this issue.  *Fox,* 112 F.3d at 457.

B. Res Judicata/Claim Preclusion

"Claim preclusion, formerly known at common law as res judicata, teaches that a final judgment on the merits of an action precludes the parties from re-litigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action." *State of Okla. ex rel. Dep't of Transp. v. Little*, 100 P.3d 707, 720 n.47 (Okla. 2004); *accord Veiser v. Armstrong*, 688 P.2d 796, 800 n.9 (Okla. 1984).  Generally, claim preclusion applies "where the parties and the two causes of action are the same." *Wabaunsee v. Harris*,  610 P.2d 782, 785 (Okla. 1980)*; accord State of Okla. ex rel. Okla. Bar Ass'n v. Giger*, 93 P.3d 32, 38 (Okla. 2004); *State of Okla. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 693-94 (10th Cir. 1971).

The district court based its ruling, in part, on the determination Valley View "could have raised" the claim for damages in the state court action but did

---

[4] The Full Faith & Credit Statute, 28 U.S.C. § 1738, provides: "[Judgments] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

not do so.  (App. at 307.)  On appeal, Valley View and Duke frame the issue as whether the state and federal court causes of actions are the same.  While these approaches are correct in typical claim preclusion situations, they do not apply here.

The typical claim preclusion scenario unfolds as follows:  A plaintiff files suit against a defendant based on a particular transaction and the suit proceeds to a judgment.  The plaintiff then files a second action against the same defendant based on the same transaction.  The plaintiff's second action would be barred under claim preclusion regardless of the theories raised in the second lawsuit.[5] *See Retherford v. Halliburton Co.*, 572 P.2d 966, 967, 969 (Okla. 1977) ("[T]his jurisdiction is committed to the wrongful act or transactional definition of a 'cause of action.'  Thus, no matter how many 'rights' of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit or stand barred by the prior adjudication.").

These rules do not apply to the situation where, as here, a plaintiff (Duke) files suit against a defendant (Valley View) based on a particular transaction (the refusal to allow Duke entry to its easement).  The defendant (Valley View) raises

---

[5] The same preclusive result would occur where the defendant asserts a counterclaim against the plaintiff in the first action and then attempts to bring a subsequent action against the plaintiff based on the same transaction forming the basis of its counterclaim.  Wright & Miller, 18 Federal Practice and Procedure § 4414.

a defense[6] (Duke breached the easement first) and the suit proceeds to judgment. The defendant (Valley View) then files an action against the plaintiff (Duke) based on the same facts forming the basis of its defense in the prior suit. In such a situation, the defendant's claims in the subsequent action are not precluded unless (1) the defendant's success in the latter action would nullify the original judgment or impair the rights established in the original action or (2) a statute required the defendant to bring his claims in the original action. *See Meyer v. Vance*, 406 P.2d 996, 999 (Okla. 1965) (applying the common law rule that a defendant is not precluded from bringing a separate action by failing to bring a claim in the first action)*; Mitchell v. Williamson,* 304 P.2d 314, 319 (Okla. 1956) (barring claim in a latter action which could have asserted in the former action as a counterclaim where the plaintiff's success in the latter action would, in effect,

---

[6] We note here the *failure* to raise a defense does not have the same preclusive effect as a plaintiff's failure to raise all transactionally related claims. As Comment (b) to section 22 of the Restatement notes:

 b. Where facts constituting defense are ground for counterclaims.

> In the absence of a statute or rule of court otherwise providing, the defendant's failure to allege certain facts either as a defense or as a counterclaim does not normally preclude him from relying on those facts in an action subsequently brought by him against the plaintiff. . . . The failure to interpose a defense to the plaintiff's claim precludes the defendant from thereafter asserting the defense as a basis for attacking the judgment (see § 18). But the defendant's claim against the plaintiff is not normally merged in the judgment given in that action, . . . The defendant, in short, is entitled to his day in court on his own claim.

Restatement § 22 cmt. b.

nullify the initial judgment or would impair rights established in the initial action);[7] *see also Martino v. McDonald's Sys. Inc.*, 598 F.2d 1079, 1084-85 (7th Cir. 1979) (a defendant need not raise an affirmative claim arising from the same facts as an asserted defense, unless a counterclaim statute bars the claim *or* res judicata itself bars the claim because its prosecution would nullify rights established by the prior action); Restatement (Second) of Judgments § 22 (1982) (Restatement);[8] Wright & Miller, 18 Federal Practice and Procedure § 4414 ("Apart from compulsory counterclaim rules, . . . the traditional conclusion has

---

[7] In *Mitchell*, the court concluded a party was precluded from challenging in a second suit the constitutionality of a statute upon which a prior judgment was based – even if the statute had been later declared unconstitutional – since that party's success in the second case would have entirely avoided the prior judgment. *Mitchell*, 304 P.2d at 319.

[8] Section 22 states:

(1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).

(2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:

    (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or

    (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

been that purely defensive use of a theory does not preclude a later action for affirmative recovery on the same theory.").  The rationale for the general rule applying to defendants who elected not to assert a counterclaim in the prior action is that "the defendant should not be required to assert his claim in the forum or the proceeding chosen by the plaintiff but should be allowed to bring suit at a time and place of his own selection."  Restatement § 22 cmt. a.

Thus, the proper analysis is 1) whether Valley View's success in its federal action would nullify the state judgment or impair the rights established in the state action or 2) a statute required Valley View to bring its federal claims in the state action as counterclaims.

### 1) *Nullification of Prior Judgment*

Although the *corpus juris* is not entirely clear about the exact scope of claim preclusion as applied to former defendants, "all that can be said with confidence is that a judgment will be protected against the most obvious assaults of former defendants."  Wright & Miller, 18 Federal Practice and Procedure § 4414 (citing Restatement (Second) of Judgments §22(2)(b)).  Such "obvious assault[s]" include subsequent actions to enjoin the prior judgment and requests for declaratory relief on the validity of the prior judgment.  *See Albano v. Norwest Fin. Hawaii, Inc.*, 244 F.3d 1061, 1063-64 (9th Cir. 2001) (applying Hawaii law, concluding prior state court judgment declaring mortgage valid precluded subsequent claim to rescind under a federal statute); *Rein v. Providian*

*Fin. Corp.*, 270 F.3d 895, 903 (9th Cir. 2001) (former defendants precluded from claiming former judgment was void and unenforceable due to violations of the federal bankruptcy code); Wright & Miller, 18 Federal Practice and Procedure § 4414 & n.25 (collecting cases).

Valley View's federal action does not present an "obvious assault" on the state court judgment in favor of Duke.[9] Valley View's success in the federal action, *i.e.*, recovery for Duke's alleged tortious maintenance of the pipeline, would not void, render unenforceable or otherwise impair Duke's rights established by the state court judgment, *i.e.*, the determination Duke holds a valid easement interest and an award of damages for Valley View's wrongful exclusion of Duke's contractors. Thus, Valley View's claims are not barred by the nullification exception.

---

[9] The parties spend considerable energy debating whether the underlying causes of actions are the same. These arguments do not directly address the test applicable here – whether Valley View's federal suit has the potential to nullify the effect of Duke's prior state court judgment. The arguments are nevertheless somewhat helpful to our determination. While success on a second action based on the same cause in a previous suit need not necessarily nullify the judgment in the first, there is a greater risk of such a result.

"Defining the term 'claim' is the most difficult aspect of applying claim preclusion." *Miller v. Miller*, 956 P.2d 887, 896 (Okla. 1998). In *Miller*, the Oklahoma Supreme Court looked to the purpose of the compared claims to determine if the claims were the same. *Id.* at 897. When we look to the purpose of Duke's state claim, *i.e.* to establish its right to install monitoring wells and recover damages for the denial of that right, with the purpose of Valley View's federal claims, *i.e.*, to recover damages for Duke's alleged negligence resulting in pollution on its property, we conclude the claims are in fact different. Because the causes of actions are different, we think the risk is low that successful prosecution of the federal claim would nullify the state court judgment.

2) *Effect of Compulsory Counterclaim Statute*

Duke also argues Valley View is barred from raising its federal claims because, under Oklahoma's compulsory counterclaim statute, they should have been raised as counterclaims in the state court action. Under Oklahoma's statute, a pleading must "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Okla. Stat. Ann. tit. 12, § 2013(A).[10] "Failure to plead a compulsory counterclaim prevents a party from bringing a later independent action on that claim." *Okla. Gas & Elec. Co. v. Dist. Court, Fifteenth Judicial Dist., Cherokee County*, 784 P.2d 61, 64 (Okla. 1989).

In *Wabaunsee v. Harris*, the Oklahoma Supreme Court stated the general rule: "[w]here the two causes of action are different, the litigants are estopped by judgment to deny only those matters which are common to both suits." 610 P.2d at 785. Duke argues Valley View's reliance on *Wabaunsee* is misplaced because it was decided before the passage of the compulsive counterclaim statute. Duke

---

[10] Recognizing the text of the Oklahoma compulsory counterclaim rule is identical to the text of Federal Rule of Civil Procedure 13(a), Oklahoma courts have looked to federal law for guidance in applying the Oklahoma statute. *Robinson v. Texhoma Limestone, Inc.*, 100 P.3d 673, 676 n.6 (Okla. 2004); *Okla. Gas*, 784 P.2d at 64 n.8; *Turner v. Fed. Deposit Ins. Corp.*, 805 P.2d 130, 131 (Okla. App. 1991).

quotes a later Oklahoma Supreme Court case which stated:

> [The compulsory counterclaim statute] *changes* previous Oklahoma law by requiring a defendant to assert any claim he has against any opposing party that arises out of the transaction or occurrence which is the subject matter of the opposing party's claim. Committee Comment to § 2013. *See, e.g., Johnson v. Southwestern Battery Co.,* Okl., 411 P.2d 526, 529 [1966]; and *Meyer v. Vance*, Okl., 406 P.2d 996, 999 [1965] (in the absence of a compulsory counterclaim statute, the defendant's failure to assert the counterclaim did not preclude a separate action against plaintiff on a claim which could have been asserted as a counterclaim.).

*Okla. Gas*, 784 P.2d at 64 n.11.

The counterclaim statute does not, as Duke claims, undermine *Wabaunsee* on claim preclusion; rather, it merely adds a step to the analysis. After the passage of Oklahoma's counterclaim statute, even if claim preclusion does not operate to bar a defendant's subsequent claim, the statute *might* nevertheless bar it. *See* Restatement § 22 (generally, a defendant is not precluded from asserting his claim, unless the successful prosecution of that action would nullify the original judgment or *the interposition of the claim is required by statute*).

For a counterclaim to be compulsory under § 2013(A), it must arise out of the "same transaction and occurrence" as the subject matter of the opposing party's claim. *Okla. Gas*, 784 P.2d at 64-5. Thus, in order for Valley View's claim to be considered compulsory, Valley View's nuisance and trespass claims must arise out of the "same transaction and occurrence" as Duke's breach of easement claim. "Rather than attempt to define the terms 'transaction' and

'occurrence' precisely, most courts . . . have preferred to suggest standards by which the compulsory or permissive nature of specific counterclaims may be determined . . . ." *Fox*, 112 F.3d at 457 (interpreting Oklahoma law). Such factors include: "(1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiffs' claims as well as defendants' counterclaim? and (4) Is there a logical relation between the claim and the counterclaim?" *Id.*; *accord Driver Music Co., Inc. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir. 1996) (applying these factors under Fed. R. Civ. P. 13(a)); *see also* Wright & Miller, 6 Federal Practice and Procedure § 1410 (listing same factors).

Prior to entering its summary judgment order, the district court previously decided whether Valley View's claims were compulsory, albeit it in a different context.[11] Applying the *Fox* factors, the district court decided the claims did *not* arise out of the same transaction or occurrence. The court opined as follows:

> The transaction or occurrence out of which the state court claim of defendant Duke Energy Field Services, LP, for breach of a right-of-way agreement arose is Duke's alleged attempted entry onto Valley View's property and Valley View's obstruction or prohibition on that attempted entry. . . . [whereas plaintiff's] claims arise out of

---

[11] The court's first compulsory counterclaim analysis was performed in the context of an abstention analysis and prior to Valley View raising Duke's alleged breach of the easement (leaking condensates) as a defense.

the alleged occurrence of the leakage of hydrocarbons from Duke's pipeline across plaintiffs' property. In any event, however, if the court applies the four-factor test adopted by the Tenth Circuit for determining whether the purported counterclaims in question (the claims of plaintiffs in this case) are compulsory counterclaims in the pending state court action brought by defendant herein, it is clear that the counterclaims are not compulsory. The issues of fact and law raised by the principal claim (the state court claim of defendant) and the purported counterclaims (the plaintiffs' claims herein) are not largely the same. Indeed, they are very different. Res judicata would not bar a subsequent suit on the purported counterclaims (plaintiffs' claims herein), with or without a compulsory counterclaim rule, because they do not involve the same evidence, factual issues and legal issues. The same evidence does not support or refute the principal claim and the purported counterclaims. There is *some* logical relation between the claim and the purported counterclaims simply because Duke alleges in the state court action that it entered plaintiffs' property for the purpose of determining whether there was a hydrocarbon leak and plaintiffs' claims herein are based on an alleged hydrocarbon leak, but this logical connection is attenuated. Thus, defendant's premise for its conclusion that the state court proceedings are parallel to these federal proceedings – because plaintiffs' claims herein are compulsory counterclaims in the state court action – is wrong.

(R. App. at 123-24.)[12]

The district court reached the correct conclusion on its first pass of the

---

[12] The district court later reversed course on this issue; in granting summary judgment on the ground of claim preclusion, the court declared first, the abstention and counterclaim analyses were different, and second, the court was unaware at the time it issued its first order of the fact Valley View had raised a breach of easement defense in the state suit. Neither of these reasons change the conclusion. The analyses are not different; the court thoroughly applied the *Fox* factors, which is the analysis required to determine if the claims arise out of the same transaction or occurrence. In addition, as discussed previously, claims cannot be equated with defenses when performing a claim preclusion analysis focusing on the defendant's failure to assert a claim. Thus, whether Valley View asserted a breach of easement defense in the state action is irrelevant.

issue. What matters is whether Valley View's *federal claims*, that is, the trespass and nuisance claims, arise out of the same transaction or occurrence as Duke's claim in the state suit, that is, the breach of easement claim. The *Fox* factors weigh heavily against the conclusion Valley View's federal claims were compulsory counterclaims in the state court action. First, as discussed above, Valley View's claims are not barred by claim preclusion. Second, the issues of fact and law are likely to be very different; the development of fact and law on Valley View's claims would focus on the cause and extent of the leak and whether the alleged pollution resulting therefrom exceeded the norms established by nuisance and trespass law, whereas the development of fact and law on Duke's claim would focus on the existence of an easement and how Duke was denied access. Duke's argument on this point – the operative event underlying both actions was Duke causing the pipeline leak – exaggerates the significance of a single factual similarity. Finally, the only logical connection between the parties' claims is: they concern events (namely, the alleged damages caused by the *pipeline leak* and the subsequent *denial of access* to the pipeline to fix that leak) occurring at the same place, albeit at different times. This nexus, however, is too attenuated. For substantially the same reasons as those initially advanced by the district court,[13] Valley View's trespass and nuisance claims are not properly

_____

[13] Duke relies on *Yates v. Gulf Oil Corp.*, 182 F.2d 286 (5th Cir. 1950). It claims *Yates* held the landowners' damage claims arising out of seismic operations were compulsory counterclaims. However, rather than make such a

-15-

categorized as compulsory counterclaims.[14]

The district court improperly granted summary judgment to Duke on the basis of claim preclusion and the compulsory counterclaim statute.

C. Issue Preclusion

"Under [the doctrine of issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Little*, 100 P.3d at 720 n.47. "Issue preclusion prevents relitigation of facts and *issues actually litigated and necessarily determined* in an earlier proceeding between the same parties or their privies. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined[.] An issue is necessarily determined if the judgment would not have been rendered but for the determination of that issue." *Nealis v. Baird*, 996 P.2d 438, 458 (Okla. 1999). "Issue preclusion is an affirmative defense and must be pleaded and

---

holding, the *Yates* court seemed to assume the counterclaims were compulsory. It is not clear from the opinion whether a compulsory counterclaim question was raised by the parties. In any case, *Yates* did not apply the *Fox* factors or, indeed, any analysis at all. Given the uncertainty of whether a compulsory counterclaim issue was argued in the case, and especially given the lack of analysis, *Yates* is of no persuasive weight.

[14] Because we have determined Valley View's claims would not be barred by the doctrine of claim preclusion or by the counterclaim statue, we find it unnecessary to address Valley View's argument regarding the applicability of the counterclaim rule in cases where the primary claim seeks injunctive relief and the hearing on the preliminary injunction is considered with the trial on the merits.

proved." *Id.*

Duke contends the occurrence and the cause of the leak were litigated and determined in the state suit against Valley View. Specifically, Duke argues, because Valley View's trespass and nuisance claims[15] require a showing Duke caused the pipeline leak, the prior findings on causation adverse to Valley View in the state suit preclude these claims. Valley View argues the parties stipulated in the state action a leak occurred, and therefore that issue was not decided. Valley View also contends (1) no evidence was offered in the state action concerning the cause of the leak, (2) the state court jury instructions did not require the jury to decide any issue regarding the pipeline leak, and (3) the state court's partial summary judgment did not reach the issue of Valley View's breach of easement defense. According to Valley View, these facts in the record demonstrate the pipeline issues were not "actually litigated" and "necessarily determined."

Duke's arguments lack merit. First, the state court jury instructions did not mention or require consideration of the cause of the pipeline leak or any defenses

---

[15] Valley View also asserted a claim of unjust enrichment in its federal complaint. We do not consider this claim for issue preclusion purposes because, in its opening brief, Valley View challenges only the district court's determination the nuisance and trespass claims would be barred by issue preclusion doctrines. Valley View thereby waived any challenge to the district court's determination issue preclusion bars Valley View's unjust enrichment claim. *Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007) ("[A] party waives those arguments that its opening brief inadequately addresses.").

to Duke's claims.  Thus, it is difficult to see how the issues were "submitted for determination, and in fact determined" by the jury.  *See Nealis*, 996 P.2d at 458.

Duke argues, even if the jury did not decide the issue, the state district court did so as a matter of law in its order granting partial summary judgment to Duke.  An issue decided by a court as a matter of law is also preclusive under Oklahoma law.  *Isokariari v. Hillcrest Med. Ctr.*, 33 P.3d 691, 693-94 (Okla. Civ. App. 2001).  According to Duke, Valley View's breach of easement defense was necessarily rejected by the state court when it concluded Duke held an easement interest in the property.  But Duke has not provided us with anything from which we could determine the state court did, in fact, determine these issues as a matter of law in its partial summary judgment order.  In its briefing, Duke seemed content to rely upon the federal district court's ruling on this matter.  On appeal from the district court's grant of summary judgment, however, we must undertake a *de novo* review of both the facts and law.  *Rohrbaugh*, 53 F.3d at 1182.  At oral argument, Duke assured us a review of the state jury instructions would illustrate the state trial judge passed upon the critical issues of occurrence and causation of the leak, but our review of the record provides no such clarity.  While the instructions indicate the state court ruled Duke possessed an easement interest in the property, there is nothing therein revealing why.[16]  Because we cannot

---

[16] At oral argument Duke explained a breach of easement defense is a complete defense.  However, a review of Oklahoma's breach of easement law does not indicate 1) whether breach of easement constitutes a partial or complete

determine the rationale of the state court's disposition of the breach of easement defense from the record, we are constrained to conclude Duke has failed to demonstrate the issues regarding the occurrence and cause of the leak were "actually litigated" and "necessarily determined" by either the judge or the jury.[17] In short, Duke has failed to bear its burden to affirmatively prove the defense of issue preclusion.

Finally, we find Duke's arguments disingenuous because it has conceded both the occurrence of the leak and liability therefor. In its statement of facts in this case Duke concedes a leak occurred. (Appellee's Br. at 3 ("In late October, 2003, [Valley View] discovered a leak on the property and notified Duke").)

_____

defense or 2) the specific elements thereof. *See Shell Pipe Line Corp. v. Curtis*, 287 P.2d 681, 685-86 (Okla. 1955). *Curtis* suggests an easement holder may in some instances be liable to the holder of the servient estate, but it is not clear whether a breach of an easement might forfeit the easement holder's rights. *See Crimmins v. Gould*, 308 P.2d 786, 791 (Cal. App. 1957) ("The general rule is that misuse or excessive use is not sufficient for abandonment or forfeiture, but an injunction is the proper remedy. But where the burden of the servient estate is increased through changes in the dominant estate which increase the use and subject it to use of non-dominant property, a forfeiture will be justified if the unauthorized use may not be severed and prohibited.") (citations omitted).

Given this rather turbid area of law, the state court could have determined the breach of easement defense was unavailable under Oklahoma law, or, if available, perhaps some other element of that defense – other than causation – was not sufficiently shown.

[17] On the other hand, if Valley View had *prevailed* on the breach of easement defense, and that defense required a showing of causation, the causation issue would necessarily be relitigated in a nuisance and/or trespass claim. *See Twyman v. GHK Corp.*, 93 P.3d 51, 54 n.4 (Okla. Civ. App. 2004) (causation is a necessary element of a nuisance claim); Restatement (Second) of Torts § 162 (1965) (causation is an element of a trespass claim).

Duke also admitted the leak occurred in its federal court answer, in which it admitted a leak of "condensate" from the pipeline. (*See* R. App. at 103.) Furthermore, in Duke's Response to Valley View's Motion for Partial Summary Judgment on the issue of liability in the federal case, Duke stated:

> In its answer to Plaintiffs' Amended Complaint, [Duke] specifically stated: "[Duke] admits that there was a discharge of condensate from its pipeline." Further, in the Joint Status Report submitted to the Court on November 1, 2004, the Brief Preliminary Statement included the following: [Duke] admits that there was a release of condensate from the pipeline; however, [Duke] denies that Plaintiffs have suffered either the type or extent of damages which they seek." [Duke's] counsel also advised the Court, and opposing counsel, at the Status Conference held on November 4, 2004, that *[Duke] was not contesting liability, only damages*, subject to its affirmative defenses. *It is, therefore, unfortunate,* [sic] *that Plaintiffs have wasted their time in preparing and the Court's time in reviewing a motion for summary judgment on the issue of liability for damage to land, when such liability is not, and never has been, contested.*

(Def.'s Resp. to Mot. for Partial Summ. J. at 3-4 (Doc. 59) (emphasis added).)[18] Because Duke has admitted in the federal case there was a leak – indeed, it is liable for such a leak – its argument that the causation and occurrence issues were decided against Valley View in the state action is not plausible. *See Rooms v. S.E.C.*, 444 F.3d 1208, 1213 (10th Cir. 2006) ("A pleading prepared by an attorney is an admission . . . because the attorney presumably speaks for the

_____

[18] Although this document does not appear in the record, we have elected to take judicial notice of this pleading. Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records.").

-20-

litigant.").

The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.