**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRELL ELLIS; LARRY
CHANEY; ROY GENE
EASTERWOOD; ARLEY LEE
DUNCAN,

          Plaintiffs-Appellants,

v.

JAMES M. BROWN, SR., Oklahoma
Pardon and Parole Board; CLINTON
JOHNSON, Oklahoma Pardon and
Parole Board; RICHARD DUGGER,
Oklahoma Pardon and Parole Board;
SUSAN B. LOVING, Oklahoma
Pardon and Parole Board; LYNNELL
HARKINS, Oklahoma Pardon and
Parole Board; TERRY JENKS,
Director, Oklahoma Pardon and Parole
Board; BRET T. BURNS, District
Attorney; DAVID W. PRATER,
District Attorney; BRAD HENRY,
Governor of Oklahoma,

          Defendants-Appellees.

No. 09-6115
(D.C. No. 5:09-CV-00379-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining appellants' brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive

(continued...)

Before **GORSUCH**, Circuit Judge, and **ANDERSON** and **BRORBY**,
Senior Circuit Judges.

Darrell Ellis, Larry Chaney, Roy Gene Easterwood, and Arley Lee Duncan were convicted of murder in Oklahoma state court and sentenced to life imprisonment. After they sought and were denied parole, they brought this suit *pro se*, under 42 U.S.C. § 1983, alleging essentially two things: (1) the defendants conspired to deprive them of their constitutional rights in the parole process, and (2) Oklahoma's parole procedures violate the federal Due Process and Ex Post Facto Clauses.[1] The district court dismissed the suit and the plaintiffs, now proceeding through counsel, brought this appeal.

Reviewing the dismissal of the conspiracy claims *de novo*, we affirm for substantially the reasons given by the magistrate judge and district court. Even affording the complaint as liberal a reading as possible, we discern no reversible error in the district court's disposition and see nothing we might usefully add to what that court and the magistrate have already said.

---

*(...continued)
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Easterwood also alleged that the Governor of Oklahoma violated mandatory parole procedures in denying him parole after the Parole Board recommended his release. This claim, however, "is not cognizable under § 1983." *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002).

As to the plaintiffs' challenge to Oklahoma's parole procedures, the magistrate judge recommended dismissal on the basis of issue preclusion. We review *de novo* the district court's legal conclusions on the applicability of the preclusion doctrine. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). In doing so, we discern no error with respect to Mr. Ellis, Mr. Chaney, and Mr. Duncan. All three of these plaintiffs brought and lost identical challenges in prior suits. *See Ellis v. Brown*, No. 103,217 (Okla. Crim. App. July 5, 2006) (unpublished); *Ellis v. Brown*, No. CIV-06-1156-R, 2007 WL 28273 (W.D. Okla. Jan. 3, 2007) (unpublished), *aff'd*, 237 F. App'x 327 (10th Cir. 2007). Issue preclusion thus prevents them from trying their hand again in a new suit. At least as far as we can tell, however, it does not appear that Mr. Easterwood was a party to the prior proceedings, and so he may not be subject to issue preclusion. This is not to say that his claims are meritorious. But it is to say that, from the record before us at this time, we cannot discern a basis for holding his challenges to Oklahoma's parole procedures barred by the doctrine of issue preclusion.

In light of this, then, we affirm all of the district court's disposition with one minor exception, vacating its holding that Mr. Easterwood's challenges to Oklahoma's parole procedures are barred by the doctrine of issue preclusion

and remanding this case for further proceedings consistent with this order and judgment.

Entered for the Court


Neil M. Gorsuch
Circuit Judge