FILED
United States Court of Appeals
Tenth Circuit

**July 20, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDREW C. GROSSMAN,

       Plaintiff-Appellant,

v.

FANNIE MAE; EICHLER, FAYNE, &
ASSOCIATES, a/k/a EF&A Funding,
LLC, d/b/a Alliant Capital, LLC,

       Defendants-Appellees,

and

BYRON STEENERSON,

       Defendant.

No. 10-6252
(D.C. No. 5:10-CV-00329-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Andrew C. Grossman filed a complaint against Defendants-Appellees in Oklahoma state court alleging: (1) "Wrongful Foreclosure & Intentional Impairment of Value of Collateral & Right to Credit," (2) "Breach of Contract, Including Breach of Covenant of Good Faith and Fair Dealing," (3) "Fraud Claim – Intentional Misrepresentation or Constructive Fraud," (4) "Prima Facie Tort," (5) "Violation of Oklahoma Consumer Protection Act [OCPA]," and (6) "Conspiracy." Aplt. App. at 8, 14, 19-21. Defendants-Appellees removed the case to federal court on the basis of diversity jurisdiction and filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They asserted Grossman's complaint was nothing more than an attempt to re-litigate matters already concluded in a separate Oklahoma state court foreclosure action and, as such, all of his claims were barred by claim and issue preclusion. In addition, they argued Grossman had failed to identify a specific contract or contract terms that were breached, his fraud and conspiracy claims were barred by the statute of limitations (and were not alleged with the requisite particularity), there is no cause of action for "Prima Facie Tort" in Oklahoma, the OCPA is inapplicable to Grossman's complaints, and he lacked standing to assert "Wrongful Foreclosure & Intentional Impairment of Value of Collateral & Right to Credit." Grossman filed a self-styled "Objection" to the motion to dismiss and Defendants-Appellees replied.

The district court granted Defendants-Appellees' motion to dismiss, finding Grossman's claims barred by claim and issue preclusion since they "were actually decided or could have been decided in the Foreclosure Action." *Grossman v. Fannie Mae*, No. CIV-10-329-L, 2010 WL 3895757, at \*4 (W.D. Okla. Sept. 30, 2010). The court continued: "However, were the court to consider defendants' remaining arguments, the court finds that they would provide an alternative basis for dismissal of plaintiff's action." *Id.* at \*5. Grossman appeals.

Our jurisdiction arises under 28 U.S.C. § 1291. The parties are familiar with the facts and procedural history of this case, and we need not restate either here. *See Grossman*, 2010 WL 3895757, at \*2-3. On appeal, Grossman provides an undifferentiated regurgitation of the assertions he made in his "Objection" to the motion to dismiss.[1] He argues (1) issue and claim preclusion are inapplicable, (2) Oklahoma recognizes a claim for wrongful execution or wrongful foreclosure, (3) he stated a claim for breach of duty of good faith and fair dealing, (4) he

---

[1] We note neither Grossman's Appendix nor Defendants-Appellees' Supplemental Appendix contains Defendants-Appellees' motion to dismiss, Grossman's "Objection" to the motion to dismiss, or Defendants-Appellees' reply to the "Objection." It is the appellant's duty to "file an appendix sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(A)(1), including copies of relevant motions and any responses or replies filed in connection with the motions, 10th Cir. R. 10.3(D)(2). *See also* 10th Cir. R. 30.2(A)(1) (an appellee may file a supplemental appendix to add "items that should be included"). Although the omitted documents are available electronically—and we have accessed and reviewed them—we caution that such availability does not negate the appellant's responsibility to provide an adequate appendix. *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 908 (10th Cir. 2009).

stated claims for fraud and conspiracy and included sufficient allegations of conspiracy, (5) the statute of limitations does not bar his fraud and conspiracy claims, and (6) the district court erred by dismissing his entire case with prejudice.

We review de novo a district court's dismissal under Rule 12(b)(6). *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Although the complaint need not recite "detailed factual allegations, . . . the [f]actual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC*, 555 F.3d at 1191 (internal quotation marks omitted). Because this is a diversity case, we apply federal law to procedural questions, but "the substantive law of the forum state governs the analysis of the underlying claims." *Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2006). Thus, we review de novo the district court's application of Oklahoma law in assessing the preclusive effect of an Oklahoma

state court judgment.  *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).

We have undertaken a thorough review of the parties' briefs, the record, and the applicable law and conclude Mr. Grossman has not shown any reversible error in this case.  Accordingly, we AFFIRM the judgment of the district court for substantially the same reasons stated in its order granting Defendants-Appellees' motion to dismiss for failure to state a claim.

Entered for the Court


Terrence L. O'Brien
Circuit Judge