FILED
United States Court of Appeals
Tenth Circuit

August 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KRISTY A. GONZALES; SHAWN A.
GONZALES; ANARCHY ARTS, LLC,

Plaintiffs-Appellants,

v.

ARTSPACE AFFORDABLE HOUSING,
LP; ARTSPACE RUBBER COMPANY,
LC; EVERGREEN MANAGEMENT
GROUP, LLC,

Defendants-Appellees.

No. 12-4070
(D.C. No. 2:09-CV-00465-BCW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

This is an appeal from an order dismissing the suit on the grounds of res

judicata. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Litigation in this case began in 2008, when Artspace Affordable Housing, LP and Artspace Rubber Company (the Landlord) filed a state court unlawful detainer action in Utah against Anarchy Arts, LLC (Anarchy) as a result of its default on a lease for the premises used to operate a coffee shop. The court later issued an order of restitution in favor of the Landlord. The Landlord did allow Anarchy and its principals, Kristy A. Gonzales and Shawn A. Gonzales (the Gonzaleses) to remove some of their property. The remaining property, however, was placed in storage pending public auction.

Anarchy filed in the state court action an amended answer and claims against the Landlord and Evergreen Management Group, LLC (Evergreen) and Chris Montoya for breach of contract, breach of the implied covenant of good faith and fair dealing, and misrepresentation. As to the underlying unlawful detainer action, the court entered judgment against Anarchy for $43,472, which was followed by entry of a writ of execution. The public auction yielded $3,920, which was applied to reduce the judgment.

Shortly after the public auction, Anarchy and the Gonzaleses filed suit in federal court against the Landlord, Evergreen, and Kirk A. Cullimore, the Landlord's lawyer. Their toehold in federal court was a claim under 42 U.S.C. § 1983, in which they alleged that the Landlord, Evergreen and Mr. Cullimore "have deprived [them] of their property under color of state action without due process of law in violation of

their Federal and State Constitutional rights." Aplt. App. at 20. More particularly, they alleged that the Landlord and Evergreen unlawfully seized and sold the Gonzales's personal property as part of the state court proceedings. In addition to the § 1983 claim, they asserted state law claims for conversion, unjust enrichment and civil conspiracy.[1]

In the meantime, back in state court, Anarchy filed a motion to set aside the judgment, which was denied. The court also denied Anarchy's later-filed motion in which it argued that the writ of execution had been unlawfully obtained and that the auction was conducted in a commercially unreasonable manner. The parties agree that Anarchy's claims in the state court suit against the Landlord, Evergreen and Mr. Montoya have not been resolved.

The Landlord and Evergreen moved to dismiss the federal suit on the grounds of res judicata. Anarchy and the Gonzaleses opposed the motion and filed a motion for partial summary judgment on their § 1983 and conversion claims. The magistrate judge granted the motion to dismiss.[2] This appeal followed.

ANALYSIS

We review de novo the legal question of whether a claim is barred by res judicata. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs.*, 497 F.3d 1096,

---

[1]    Mr. Cullimore was never served with process and was therefore dismissed.

[2]    The parties consented to the jurisdiction of the magistrate judge.

1100 (10th Cir. 2007). "Under 28 U.S.C. § 1738, the preclusive effect of a state judgment is governed by the rules of preclusion of that state." *Id*. (footnote omitted).

"The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion." *Macris & Assoc., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000). Although the elements of claim preclusion and issue preclusion are in some respects different, they share the common requirement that the first suit must have resulted in a final judgment. *See id*. (holding that one of the elements of claim preclusion is that "the first suit must have resulted in a final judgment on the merits"); see also *Jensen ex rel. Jensen v. Cunningham*, 250 P.3d 465, 477 (Utah 2011) (holding that one of the elements of issue preclusion is that "the first suit resulted in a final judgment on the merits") (ellipses omitted). Under Utah law,

> [f]or an order or judgment to be final, it must dispose of the case as *to all the parties*, and finally dispose of the subject-matter of the litigation on the merits of the case. In other words, a judgment is final when it ends the controversy between the parties litigant.

*Bradbury v. Valencia*, 5 P.3d 649, 651 (Utah 2000) (internal quotation marks omitted and citation omitted).

The magistrate judge and the parties acknowledged that there was not a final state court judgment. Nonetheless, the magistrate judge decided to disregard this requirement for two reasons: First, "[a]t oral argument, [Anarchy] admitted that in nearly four years [it] ha[d] done nothing to move forward on those claims." Aplt. App. at 251. Second, "the issues raised in the counterclaim[s] have been decided by

[the state court judge in] his findings of fact, rulings and orders." *Id*. We disagree with this reasoning.

The Landlord and Evergreen have not cited any authority that excuses the need for a final judgment under circumstances of alleged dilatory conduct. To be sure, the magistrate judge was faced with a challenging situation at oral argument when Anarchy admitted that it had not "taken any [action] recently" in the state court suit because it "pursued" the federal suit instead. *Id*. at 277. However, the fact remains that there is no final judgment in the state court action. Further, we have carefully examined the state court orders referenced by the magistrate judge. While they may not bode well for the ultimate fate of the state court counterclaims, the orders cannot be read so broadly as to have disposed of them on the merits or otherwise. *See id*. at 64-93.

Initially, we were inclined to affirm the magistrate judge's order dismissing the § 1983 claim on the grounds that the complaint does not state a claim for relief under § 1983 because neither the Landlord nor Evergreen appear to be state actors. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (explaining that private conduct constitutes state action when it is fairly attributable to the state and also explaining when that requirement is satisfied). In their motion for partial summary judgment, Anarchy and the Gonzaleses argued that the Landlord and Evergreen were "acting under the auspices of the Utah Courts — hence 'under color of state law.'" Aplt. App. at 108 (brackets omitted). Although we have discretion to

affirm on any ground adequately supported by the record and neither the allegations in the complaint nor the fleeting statements scattered throughout the record appear to indicate that either the Landlord's or Evergreen's actions were fairly attributable to the state, we nonetheless decline to affirm on this ground because Anarchy and the Gonzaleses have not had a fair opportunity to address the issue. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) ("In exercising [the] discretion [to affirm on any ground adequately supported by the record] we consider [among other things] whether the ground was fully briefed and argued here and below.").

The judgment of the district court is reversed and the case is remanded for further proceedings.

Entered for the Court

Bobby R. Baldock
Circuit Judge