FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOINT TECHNOLOGY, INC.,
d/b/a Revert Systems, an Oklahoma
corporation,

      Plaintiff Counter Defendant -
      Appellant,

v.

GARY KENT WEAVER, JR.,

      Defendant Counterclaimant
      Third-Party Plaintiff - Appellee,

v.

JIM PATTON,

      Third-Party Defendant.

-------------------------------

WEAVER MEDICAL GROUP, INC.,

      Intervenor.

No. 13-6070
(D.C. No. 5:11-CV-00846-M)
(W.D. Okla.)

---

JOINT TECHNOLOGY, INC.,
d/b/a Revert Systems,

      Plaintiff - Appellant,

v.

GARY KENT WEAVER, JR.; WEAVER
MEDICAL GROUP, INC.,

      Defendants - Appellees.

No. 13-6157
(D.C. No. 5:13-CV-00089-M)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

This diversity case involves two appeals that we consolidate for procedural purposes only. Both stem from the termination of a business relationship.

In appeal number 13-6070, Joint Technology, Inc. (Joint), a distributor of durable medical equipment, challenges the district court's grant of summary judgment to Gary Kent Weaver, Jr., on Joint's breach-of-contract claims (First Lawsuit). In appeal number 13-6157, Joint challenges the district court's grant of Mr. Weaver's and Weaver Medical Group, Inc.'s (collectively, Defendants') motion to dismiss Joint's complaint alleging conversion, fraud, unjust enrichment, and alter ego, as barred by claim preclusion (Second Lawsuit). Joint and Joint's attorney also challenge the district court's grant of Defendants' Rule 11 motion for sanctions. *See Joint Tech., Inc. v. Weaver*, No. CIV-13-89-M, 2013 WL 3305202, at \*2 (W.D. Okla. June 28, 2013) (sanctioning Joint's counsel for filing a complaint that contains claims identical to the proposed amended claims denied in the First Lawsuit;

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

namely: conversion, fraud, unjust enrichment, and alter ego). We lack jurisdiction to entertain that portion of Joint and Joint's attorney's appeal because the district court has not fixed the amount of fees and costs Joint's attorney must pay. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005). We do, however, have jurisdiction under 28 U.S.C. § 1291 to review the district court's rulings on summary judgment and the motion to dismiss, and we affirm the judgment of the district court in each appeal.

## Appeal Number 13-6070

In 2008, Joint entered into a written agreement with Mr. Weaver to solicit referrals for durable medical equipment sold by Joint. The Agreement provided that Mr. Weaver "shall not be deemed a servant or employee." Aplt. App. at 115. It stated that Joint "has no control over the operations of [Mr. Weaver] or any of his employees, agents, owners, [or] managers." *Id.* And it provided that either party could terminate the Agreement at any time with or without cause and/or notice.

Pursuant to the Agreement, Mr. Weaver was paid a commission and he was ineligible for insurance benefits. Joint neither withheld nor paid payroll taxes or employment taxes for Mr. Weaver, and Mr. Weaver was issued an IRS Form 1099 at the end of each year. Joint, however, maintains that it considered Mr. Weaver to be an independent agent for tax purposes only.

In May 2011, Mr. Weaver terminated the Agreement. Joint filed the First Lawsuit two months later. Mr. Weaver moved for summary on Joint's contract

claims. He asserted the Agreement was illegal (and therefore unenforceable under Oklahoma law) because Joint paid him as an independent contractor to induce patient referrals for the furnishing of Medicare/Medicaid-covered equipment, in violation the Medicare Anti-Kickback Act (the Act), 42 U.S.C. § 1320a-7b(b)(2)(A). *See United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000) (holding that "a person who offers or pays remuneration to another person violates the Act so long as one purpose of the offer or payment is to induce Medicare or Medicaid patient referrals").

Joint countered that the Agreement was legal and enforceable because Mr. Weaver was its bona fide employee within the meaning of one of the Act's safe harbor provisions. Specifically, Joint relied on subsection (b)(3)(B), which provides that the Act's illegal remuneration provisions "shall not apply to . . . any amount paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services." 42 U.S.C. § 1320a-7b(b)(3)(B).[1]

Thereafter, Joint filed an "Application for Leave to Re-File Amended Complaint" to add claims for conversion, fraud, unjust enrichment, and alter ego. The district court denied leave because the request was filed more than three months

---

[1] 42 U.S.C. § 1001.952(i) states that the statutory term "employee," as used in the Act, "has the same meaning" as the Internal Revenue Code's definition of "employee," found in 26 U.S.C. § 3121(d)(2). That statute provides, in relevant part, that an "employee" is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." 26 U.S.C. § 3121(d)(2).

- 4 -

after the deadline set forth in the court's scheduling order and because Joint had failed to demonstrate good cause to allow the amendment out of time.[2]

As to summary judgment, the district court discussed the conduct prohibited under the Act and observed that, whether a party fits the common law definition of "employee" in 26 U.S.C. § 3121(d)(2), depends on the "the hiring party's right to *control* the manner and means [of the work]" which is determined by considering the following factors:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Joint Tech., Inc. v. Weaver*, No. CIV-11-846-M, 2013 WL 257075, *2 (W.D. Okla. Jan. 23, 2013) (emphasis added) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992)). The court also noted that "'[a] contract made in violation of a statute is void [in Oklahoma] and when a plaintiff cannot establish his cause of action without relying upon an illegal contract, he cannot recover.'" *Id.* (quoting *Kincaid v. Black Angus Motel, Inc.*, 983 P.2d 1016, 1018 (Okla. 1999)).

---

[2]    Joint has forfeited appellate consideration of the district court's denial of leave to amend by failing to raise the issue in this appeal. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

After considering the parties' submissions and applying the applicable law, the district court determined that, given the language in the Agreement governing the parties' relationship, Mr. Weaver's tax treatment, his commission-based pay, and his ineligibility for employee benefits, no rational jury could find that he was a bona fide employee. Stated differently, the court concluded that Joint failed to raise a genuine dispute regarding Mr. Weaver's employment status; that is, the record could only support a conclusion that Mr. Weaver was an independent contractor. The court also determined, after observing that Medicare and Medicaid paid an average of 20% of Joint's total billings and Mr. Weaver's pay was based on his volume of sales, that a rational jury would conclude that the Agreement violated the Act and was void under Oklahoma law. As such, the court granted Mr. Weaver summary judgment on all of Joint's breach-of-contract claims.

We review the district court's grant of summary judgment de novo. *SEC v. Thompson*, 732 F.3d 1151, 1156 (10th Cir. 2013). Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making that determination, a court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Thompson*, 732 F.3d at 1156-57 (internal quotation marks and brackets omitted). If there is no genuine issue of material fact, then the reviewing court must determine if "the district court correctly applied the substantive law." *Id.* at 1157 (internal quotation marks omitted).

***Employment Status:  Bona Fide Employee or Independent Contractor***

On appeal, Joint argues that it provided ample evidence that Mr. Weaver was its bona fide employee.[3]  Joint then asserts, apparently in the alternative, that summary judgment was improper because genuine disputes of material fact remain regarding whether Mr. Weaver was a bona fide employee *or* an independent contractor, and that the district court failed to view the evidence and make reasonable inferences in Joint's favor.  We disagree.  Although the question "[w]hether an individual is an employee or an independent contractor is generally [one] of fact for the jury to decide," *Herr v. Heiman*, 75 F.3d 1509, 1513 (10th Cir. 1996), in cases, like this one, where evidence of the movant's status as an independent contractor is "so one-sided," the movant "must prevail as a matter of law."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007); *see also Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001) ("Merely because employee and independent contractor status is each supported by certain factors does not bar entry of summary judgment.").

---

[3]     In addition to the Agreement, Joint relied upon an affidavit from its founder and President, Jim Patton.  However, Mr. Patton's affidavit is largely uncorroborated, conclusory, and contradicted, in parts, by a two-hour recording of a conference call with Mr. Weaver and others.  *See generally Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that court may disregard non-movant's version of events if it "is blatantly contradicted by the record, so that no reasonable jury could believe it"); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) ("[C]onclusory allegations without specific supporting facts have no probative value." (internal quotation marks omitted)).  Joint also relied upon a copy of Mr. Weaver's former business card as evidence of its alleged employer-employee relationship.  But a business card is not dispositive.  *Cf. Darden*, 503 U.S. at 323-24.

***Enforceability of the Agreement***

Joint also asserts that the district court improperly applied Oklahoma's illegal-contract doctrine, in a doubtful situation, because the purportedly offensive aspect of the Agreement (Mr. Weaver's status) was not essential and should have been severed. We have reviewed the applicable law and disagree. Having held that the district court did not err in concluding that Mr. Weaver was an independent contractor, and because an essential part of the Agreement (consideration) consisted of "Joint pa[ying] Weaver to solicit Medicare or Medicaid referrals," *Joint Tech., Inc.*, 2013 WL 257075, *3, in violation of the Act, we conclude that Oklahoma's illegality doctrine rendered the entire Agreement void, *Hargrave v. Canadian Valley Elec. Co-op*, 792 P.2d 50, 60 (Okla. 1990). *See also Kincaid*, 983 P.2d at 1018 ("A void contract is one that is illegal or contrary to public policy. . . . If the consideration for a contract is illegal by reason of being contrary to public policy, the contract is void and not susceptible to ratification."). Thus, the district court correctly applied the applicable law.

**Appeal Number 13-6157**

Less than a week after the district court entered judgment for Mr. Weaver in the First Lawsuit, Joint filed the Second Lawsuit, raising the same claims it had sought to add via its application for leave to amend in the First Lawsuit. Defendants moved to dismiss and for sanctions. The district court concluded that the Second Lawsuit was barred by claim preclusion, which prohibits a party from relitigating

claims that were, or could have been, raised in a previous action, and it granted both of Defendants' motions.

Joint contends that the district court erroneously granted Defendants' motion to dismiss. Defendants counter that Joint's appeal is frivolous and have filed a motion for sanctions under Fed. R. App. P. 38.

We review de novo a "district court's dismissal under Fed. R. Civ. P. 12(b)(6)," accepting "as true all well-pleaded factual allegations in the complaint and view[ing] them in the light most favorable to [the non-movant]." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (internal quotation marks omitted). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

We also review "de novo . . . conclusions of law on the applicability of . . . claim preclusion." *Clark v. Zwanziger (In re Zwanziger)*, 741 F.3d 74, 77 (10th Cir. 2014) (internal quotation marks omitted). "Federal common law governs the preclusive effect of a judgment of a federal court sitting in diversity." *Id.* "The federally prescribed rule of decision to determine the preclusive effect of a diversity court's judgment is the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.* (internal quotation marks omitted). This case arose in Oklahoma. Under Oklahoma law, claim preclusion teaches that "a final judgment on the merits of an action precludes the parties from relitigating not only

- 9 -

the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action." *Wilson v. State ex rel. State Election Bd.*, 270 P.3d 155, 158 (Okla. 2012) (internal quotation marks omitted); *see also McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d 252, 255-56 (Okla. 1999) (explaining that "claim preclusion . . . bars the parties (or their privies) from relitigating . . . any theories or issues that . . . could have been decided" and that it is "based largely on a policy of conserving judicial resources").

Having reviewed the briefs, the record, and the applicable law, we hold that Joint has failed to identify any reversible error in the district court's grant of Defendants' motion to dismiss. We therefore affirm the district court's judgment for substantially the same reasons stated in its order granting the motion, *Joint Tech., Inc. v. Weaver*, No. CIV-13-89-M, 2013 WL 3305202 (10th Cir. June 28, 2013).

Finally, we turn to Defendants' motion for sanctions against Joint and its attorney for taking a frivolous appeal. *See* Fed. R. App. P. 38. Joint has had an opportunity to, and has, responded to the motion. We have reviewed the parties' filings and the applicable law, and we conclude that appeal number 13-6157 is frivolous under Fed. R. App. P. 38. *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit.") (internal quotation marks omitted)). Accordingly, we grant Defendants' request for attorney's fees and double costs, and we remand to the district court for it to determine an award of reasonable fees

associated with defending appeal number 13-6157. *See Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1183 (10th Cir. 2009) ("[A]n application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees." (internal quotation marks omitted)).

## Conclusion

We affirm the judgment of the district court in appeal numbers 13-6070 and 13-6157, and we grant Defendants' Rule 38 motion for sanctions in appeal number 13-6157.

Entered for the Court


Stephen H. Anderson
Circuit Judge